WASHINGTON,
July,
1839.

AVARA GILMAN *v.* MOSES PECK.

If one sell goods and receive pay in counterfeit or worthless bank bills, or bills essentially depreciated, if these facts are not known to the party receiving them, and he is guilty of no negligence, he may treat the payment as a nullity, and resort to his original cause of action.

In such case he may maintain an action of book account.

THIS was an action of book account.

Judgment to account, having been rendered by the county court, an auditor was appointed, who afterwards reported to said court, that the plaintiff's account consisted of the following items, viz. ;—

| | | |
|---|---|---:|
| " January 17, 1838. To poultry, price agreed | | $26,45 |
| "     "     "     " 527½ lbs. of pork at 7 cents per pound | | 36,92 |
| | | $63,37 |

Cr.

| | |
|---|---:|
| " January, 17, 1838. By cash | $58,37 |
| | 5,00 |

And that the defendant did not present any account. The auditor further reported, as follows ;—

"That a few days previous to the date of the plaintiff's "charge, the parties were together at Calais, and on that "occasion the defendant made a bargain with the plaintiff; "to buy of him, the plaintiff, a quantity of pork and poultry, "which the plaintiff then had at Marshfield, to be delivered "at Montpelier village, and to be paid for on the delivery "thereof. That, on the 17th day of January, 1838, the "said pork and poultry were delivered to the defendant pur- "suant to said contract, amounting to the sum of sixty "three dollars and thirty seven cents, as mentioned in the "plaintiff's account. That afterwards, and on the same "day, the defendant paid the plaintiff the said sum of sixty "three dollars and thirty seven cents in bank bills, except the "change. That one of the bank bills paid by the defen- "dant, on that occasion, to the plaintiff, was a five dollar

"bill on the Franklin Bank in Boston, and that at the same "time, and while the defendant was counting over the mon- "ey to pay the plaintiff, and before it was paid over to the "plaintiff, the attention of the defendant was called to said "five dollar bill, the plaintiff being unwilling to receive said "bill unless it was good and current;—that the defendant "remarked, that he would warrant said bill, and that if it "was not good, he, the defendant, would make it good. By "reason of this agreement the plaintiff received the bill with "the rest of the money, and kept it a few days, and then "found that the said Franklin Bank, stopped payment by "reason of its insolvency, in the spring of 1837. Your "auditor further finds that said bill was not worth more than "twenty or twenty-five cents at the time it was paid to the "plaintiff, by the defendant. The plaintiff made no entry "on his book of his said account, but entered it on a slip of "paper, produced before your auditor, after he found said "bill was uncurrent; but the precise time of making said "memorandum, your auditor is not able to determine. Soon "after the plaintiff found said bill was uncurrent, he called "upon the defendant to take back said bill, and let him, the "plaintiff, have other money, but the defendant refused so "to do. Your auditor further finds, that the defendant, at "the time he paid said bill to the plaintiff, knew said Frank- "lin Bank had failed, but that the plaintiff was ignorant of "that fact.

"If from the foregoing facts, the court decide that the "plaintiff is entitled to recover the said sum of five dollars "in this form of action, then your auditor finds due and in "arrear from the defendant to the plaintiff, the sum of five "dollars, and twenty-five cents interest thereon, otherwise "he finds nothing due from the defendant to the plaintiff, "to balance book accounts."

The county court rendered a judgment on the report, in favor of the plaintiff and the defendant excepted.

*Miller and Heaton*, for defendant.

1. The plaintiff was paid by his own agreement—and his receiving the bank bill in question, although it was not passing currently at its nominal value, operated as an extinguishment of the precedent debt, and his only remedy lies in

WASHINGTON, enforcing the special contract of warranty entered into by
July, 1839 the defendant at the time of his paying the bill.

Gilman
v.
Peck.

A promissory note received in payment of an antecedent account, is a bar to an action on that account, whether paid or not. 4 Vt. R. 549. And the same principle is recognized in the case of the *New York State Bank* v. *Fletcher*, 5 Wend. 85. 7 do 301.

2. Book account is not the proper remedy,—if so, the right to charge on book may be made dependent upon a contingency. It has ever been held that the right to charge on book must exist at the time of delivering the articles, or performing the service, and cannot depend upon the happening of subsequent events. 1 Aikens' R. 73. 1 Swift's Dig. 583.

The plaintiff's right of action is founded on a special agreement, which cannot, by any possible construction, become a proper subject of book charge, as the plaintiff's right to damages arises in consequence of the defendant's breach of contract. 1 Kirby, 289.

To allow a party to charge an article on book for the sole purpose of enabling himself to come in as a witness to support the charge by his own oath, would be unsafe and quite unprecedented. 1 Swift's Dig. 582.

*G. B. Manser*, for plaintiff.

I. Did Gilman, on the delivery of the property, receive his pay therefor, or in other words, was there such a payment as to preclude him from having any further claim upon the defendant, and extinguish the original cause of action?

A payment received in forged or *worthless* paper or in any base coin is not good, and the party may recover back the consideration paid, or sue on his original demand. *Markle* v. *Hatfield*, 2 Johns. R. 455. *Young* v. *Adams*, 6 Mass. R. 182. 3 Starkie's Ev. 1089 note 1. *Bank U. S* v. *Bank of Georgia*, 10 Wheat. R. 333.

II. Could an action on book be maintained for the property sold in the present instance?

1. It is not indispensable, in the book action, to produce an original book. *Reed* v. *Barlow*, 1 Aikens' R. 145. *Bell* v. *McLeran*, 3 Vt. R. 185.

2. In book actions, the parties are proper witnesses to every material fact relating to their accounts. *Stevens et al.* v. *Richards et al.* 2 Aikens' R. 81.

3. Parties may testify to payment in whole or in part. *May* v. *Corlew*, 4 Vt. R. 12. *Sly* v. *Fifield*, 3 Vt. R. 246. Swift's Dig. 582, 729.

4. Even if the account consists of one item, only, it is no objection to this form of action. *Leach et al.* v. *Shepherd*, 5 Vt. R. 363.

WASHINGTON,
*July,*
1839.

Gilman
*v.*
Peck.

The opinion of the court was delivered by

REDFIELD, J.—Notwithstanding it is said in Wade's case, 5 Coke's R. 114. in regard to the payment of money, "If there be any counterfeit money in the same, yet, if the party then accept the same, he cannot compel the party to change it; or if it be rent, yet the once acceptance is good, and the lessor may not reenter;" and notwithstanding the doubts which have been intimated in the intermediate cases by eminent judges, it is at present, I apprehend, well settled, both in England and in most of the American states, that a payment in base coin, or counterfeit, or worthless bank paper, is no valid payment. This is said by Abbott, C. J., in *Wilkinson* v. *Johnson*, 3 B. & C. 428, S. C. 10. C. L. 140, to be the clear and undisputed general rule of law. The following, among other cases, fully sustain this principle. *Jones* v. *Ryde*, 5 Taunt. R. 488. *Markle* v. *Hatfield*, 2 Johns. R. 455. *Young* v. *Adams*, 6 Mass. R. 182.

There is one important exception to the general rule above stated, in regard to bills or checks, i. e. where the forged instrument bears, or purports to bear, the signature of the person accepting the same, or of his correspondents, and he is guilty of negligence in accepting a forged paper when he had superior means at hand to determine its genuineness, which were not in the power of the other party. This exception is, no doubt, well founded, and is sustained by numerous adjudged cases of high authority. *Bank of the U. S.* v. *Bank of Georgia*, 10 Wheaton's R. 333. *Gloucester Bank* v. *Salem Bank*, 17 Mass. R. 33. *Price* v. *Neal*, 3 Burrow's R. 1354. *Smith* v. *Mercer*, 6 Taunt. R. 76. *Bank of St. Albans* v. *Farmers and Mechanics Bank*, 10 Vt. R. 141. In many of the above cases the general rule above stated is fully and distinctly recognized. In the case of the *Bank of the U. S.* v. *Bank of Georgia*, Jus-

WASHINGTON,
July,
1839.

Gilman
v.
Peck.

tice Story says, "The modern authorities certainly do, in a strong manner, assert, that a payment received in forged paper, or any base coin, is not good, and if there be no negligence in the party, he may recover back the consideration paid for them, or *sue upon his original demand.*" Of the same import are the cases of *Jones* v. *Ryde, Markle* v. *Hatfield.* In 10 Vt. R. 145., judge Phelps says " It seems now well settled, that a person giving a security in payment, vouches for its genuineness." In most of the more recent cases it is expressly held, that the party receiving such forged or worthless paper, without fault, may, when he pays money for it, maintain an action for money had and received, or if he receive it in payment of a preexisting debt, resort to his original cause of action. In addition to the above cases, this point is expressly decided in the case of *Manufacturers and Mechanics Bank* v. *Gore et al.* 15 Mass. R. 75. In the last case, C. J. Parker, says, "that when goods are purchased upon credit, or money borrowed, and the security agreed upon by the parties turns out to be of no value, and different from what it was represented by the debtor, it may be treated as a nullity, and an action will lie immediately for the sum it was intended to secure." This was the point then distinctly in judgment.

And, although in the present case the plaintiff might, probably, upon the facts found, have brought a special action, in case, against the defendant, yet he was not bound so to do. He might resort to his original demand. And in doing so, it is not very easy to perceive any good reason why he is not entitled to the same remedy, which he would have been entitled to if no payment had been attempted. The facts reported in the present case, show distinctly that it was only by the false and fraudulent representation of the defendant that the plaintiff was induced to take the bill. If, then, the plaintiff may sue upon his original demand, it comes with a very ill grace from the defendant to insist that he shall be deprived of his remedy on book, in consequence of the acknowledged fraud of the defendant. For, without that, these articles would have been charged on book in the ordinary course of business. But as it has been long settled law, that a charge on book is not essential to the right to maintain the action, no case occurs to me where the plaintiff

may maintain a general action of assumpsit, for goods sold and delivered, and cannot equally maintain this form of action. We think the plaintiff should be allowed the present remedy.