CARPENTER AND ROSE, *Overseers of the poor of Stephentown,*
*against* WHITMAN AND ANOTHER.

The defend-  IN ERROR, on *certiorari* to a justice's court.
ant, by plead-
ing the gene-  The plaintiffs in error brought an action on the case, in
ral issue, ad-
mits the character *in which the plaintiff sues.*
   The mother of a bastard child, three or four years old, is entitled to its custody, and the putative
father and his surety, on a bond given for the maintenance of the child, cannot exonerate themselves
from liability by demanding the child.
   An order of maintenance, legally made, cannot, afterwards, be vacated by two other justices.

the court below, against the defendants in error, for the maintenance of the bastard child of one *A. G.* of which the defendant, *Whitman*, was the putative father. On the trial, the plaintiffs produced in evidence a bond given by the defendants, conditioned to indemnify the town of *Stephentown* against the maintenance of the child from *May*, 1815, to *April*, 1818, and proved that the mother had brought a suit, and recovered a judgment against them for 25 dollars, for its maintenance, which judgment they had paid. The counsel for the defendants admitted that the plaintiffs had proved enough to recover, but moved for a nonsuit on the ground that they had not shown that they were overseers. The motion was denied. The defendants then proved, by a witness who was one of the overseers at the time the bond was given, that it was agreed that *Whitman* should pay 50 cents per week to *A. G.*; that the justices made an order to that effect, and that *Whitman* complied with it, until *May*, 1816, and then refused to pay, and demanded the child, and that the child was three or four years old. It was also proved that, about four weeks before the trial, the order of maintenance had been vacated for the purpose of preventing *A. G.* from suing the town any more. The jury found a verdict for the defendants.

*Per Curiam.* The proof introduced by the plaintiffs does not seem warranted by the form of action and pleadings in the cause, but no objection was made, and, besides, the defendants admitted that the plaintiffs had proved enough to recover. The judgment, therefore, must be reversed, unless the defendants, on their part, showed enough to destroy this right. The objection that the plaintiffs had not proved that they were overseers was properly overruled. They sue in that capacity, and are described as such in the proceedings, and this was admitted by the plea of the general issue. The defendants, by the demand of the child, did not exonerate themselves from its maintenance. It was but three or four years old, and the mother was entitled to the custody. (2 *Johns. Rep.* 375.) The two justices had

no authority to annul the order for maintenance, which had been previously, and, as we must presume, legally made ; but admitting that they had such authority, the expenses for which this action was brought had accrued long before this was done. The judgment must, accordingly, be reversed.

Judgment reversed.