Prince & Garrett v. The Commercial Bank of Columbus.

PRINCE & GARRETT v. THE COMMERCIAL BANK OF COLUMBUS.

1. In an action brought by a corporation, it is not necessary, under the general is-
sue, to prove its corporate character.

Error to the Circuit Court of Mobile.

THIS action was brought by the defendant in error, against the plaintiffs in error, as the acceptors of a bill of exchange. Under the issue joined, on the plea of *non assumpsit,* the plain-tiff below had judgment.

The case is brought here by writ of error upon a bill of exceptions taken to the opinion of the Court, that it was not necessary for the plaintiff below, to prove the corporate character of the bank.

DUNN, for plaintiff in error—cited Lucas v. The Bank of Georgia; 2 Stewart 154: 2d Lord Raymond 1532, 8th John's. Rep. 373: 14th ibid. 416: 19th ibid. 300: 7th Wendell 541: 8th ibid. 480: 9th Cowan 205: 4th Randolph 573: 2d N. H. 312: 2d Virg. Cases, 297.

CAMPBELL, contra—cited 1st Strange 613: 1st Bos. & Puller 40: 12th Ser. & R. 294: 6th Ser. & R. 12: 1st Porter 386: 4th ibid. 501: 1st Mass. 452: 3d Pickering 232: 5th H. & J. 489: 5th Ohio Rep. 286: Wright's Ohio Rep. 13: 15th Johns. 208.

ORMOND, J.—There has been great contrariety of decision, on the point presented in this case, and names of equal weight, appear to be arrayed on both sides of the question.   We must, therefore, decide the question on principle.   Applying the well established rules of pleading to the question, there would not appear to be much difficulty in it.   There is no rule of pleading

more universal, than that, by pleading to the merits, the defendant admits the capacity of the plaintiff to sue; and no reason is perceived why a corporation should be placed on a different footing in this particular, from a natural person. The most ancient authorities of the common law do not appear to recognize any distinction. Thus, in the case of The Mayor and Burgesses of Stafford v. Bolton, (1 Bos. & Pul. 40:) where, on a trial, on the plea of *not guilty,* the court had directed a non-suit, because there was a variance between the style of the corporation, in the declaration, and the charter which was produced, on the trial: on a motion for a new trial, the Court of Common Pleas, set aside the non-suit, on the authority of Broke, and the year books. Chief Justice Eyre says, "If it cannot be denied, that this variance might have been pleaded in abatement, it decides this question. The arguments on the part of the defendant, go to show that it ought to be in bar. A corporation is a mere creature of the crown, having no existence, but what is derived from its name. On strict reasoning, therefore, I should be inclined to think, that, if a corporation sued by a name which did not belong to it, it would be as nothing. In the case of a mistake in the name or description of an existing person, having a right to sue, it may be pleaded in abatement. But the case in Broke, Misnomer 93, seems to put a corporation in the same situation with a natural person, as to pleas in abatement, where it is said, in an action by a corporation, or a natural body, misnomer of one or the other, goes only to the writ: but to say that there is no such person in *rerum natura,* or no such body politic, this is in bar; for if he be misnamed, he may have a new writ by the right name; but if there be no such body politic, or such person, then he cannot have an action: (22d Ed. 4th C. 34.) Here, there was a corporation of nearly the same name, and I think, therefore, on authorities, that the non-suit was erroneous." Rooke, Justice, said "I think we ought not to be more strict, than they were in the days of the year books." See also, the notes of Sergeant Williams, to the case of Miller v. Spateman: (1 Saunders 547.)

Prince & Garrett v. The Commercial Bank of Columbus.

From this authority, therefore, it would seem that if there be no such corporation, the defendant should plead in bar, *nul tiel corporation;* or if there be a variance between the true name of the corporation, and the one in which the suit is brought, that advantage must be taken, by plea in abatement.

The authorities referred to by the plaintiff, rest for support, principally on the case of Henriques v. The Dutch West India Company, (2 Lord Raymond 1532); but an examination of that case will show, that the point was not decided. It was a writ of error from the common pleas. Two errors were relied on; that there was no sufficient warrant of attorney, to execute a bail bond, upon which judgment had been entered, in the Common Pleas; and that costs were improperly rendered. The court reversed the judgment as to the costs, and affirmed it as to the residue. From this judgment a writ of error was prosecuted to the House of Lords, where, in addition to the errors assigned in the King's Bench, it was insisted that no recognizance in England, could be given to the Dutch West India Company; for, that the law of England would not take notice of any foreign corporation: nor could they maintain an action at common law, in their corporate name; but must sue, if at all, in the name of the persons comprising the company. To this, it was answered, by counsel, that the plaintiffs were estopped by their recognizance, to say there was no such company; and where an action is brought by a corporation, they need not show how they were incorporated. *But upon the general issue pleaded by the defendants, the plaintiffs must prove they are a corporation.* In a note to the case, the Reporter says, "and upon the trial, Lord Chancellor King told me, he made the plaintiffs give in evidence the proper instruments whereby, by the law of Holland, they were effectually created a corporation there." The judgment of the King's Bench was affirmed.

It is very certain that the point under discussion did not, and could not, arise in judgment, either in the King's Bench, or House of Lords. And this case is no authority in support of the position that the plaintiffs, under the general issue, must

prove their corporate character, unless it can be considered that the statements of counsel, *arguendo*, or the loose note of the Reporter, as to what Lord King told him took place on the trial, in the Common Pleas, can be so considered.

On reference to the report of the same case in the Common Pleas, (1 Strange 612) it does not appear that the point arose in the case. We are not informed what the defendants' pleas were. The action was on a covenant to pay money borrowed of the Company; and the Report says, that "upon the trial it appeared, the money was borrowed at Amsterdam, in Holland, and by the covenant, was to be paid in Bank there, and that this company had never sued by this name before, or even had any particular name given them by any act of the States; but upon the dissolution of an old West India Company, it was declared, that there should be still a general West India Company, the members of which should be privileged to trade to the West Indies, and that all others should be prohibited. Two points were made: 1st. Whether these articles could be sued in England: 2d. Whether this was a good name for the Company to sue by; and the court decided in favor of the plaintiff, on both points. We are not informed who offered the testimony: whether the plaintiff, in support, or the defendant, to defeat the action. And it is most certain, that the case does not show that the point arose in judgment. Neither are the authorities of those courts who have held such proof necessary, always consistent with each other. In 8th Johnson's Rep. 373, the court, in a brief note, say "the rule seems to be, that when a corporation sues, they must, at the trial under the general *issue*, prove that they are a corporation." Yet we find, that in the case of The Overseers of the Poor v. Whitman, (15 Johns. 208) the same court held, that "the objection, that the plaintiffs had not proved that they were Overseers, was properly overruled. They sue in that capacity, and are described as such in the proceedings; and this was admitted by the plea of the general issue." And in the case of the Bank of Auburn v. Aikin, (18th Johnson 137) it was held, that *nul tiel corporation,* was a good plea in bar. And

again, in a case between the same parties, (19 Johns. 300) the court held, it was not a good plea, on the ground, that matter could not be pleaded, which the plaintiff, under the general issue, was bound to prove.

It may be added, that all the analogies in similar cases, are in favor of the view taken by the counsel for the defendant in error. Thus, an administrator is not required, under the plea of *non assumpsit*, to prove his authority to sue: (Worsham v. Greer, administrator, 4 Porter 441; Williams on Exrs. 1192; 11 Mass. 313.) So the right to sue, in the courts of the United States, is admitted by a plea to the merits; (1 Peters' Rep. 498.) And upon the whole, we are of opinion, that, although some courts of the highest authority in this country have held the doctrine contended for by the plaintiff in error, the converse of the proposition is the better law; better sustained by authority; more consonant to the philosophy of pleading, and upheld by analogous principles.

In the case of Lucas v. The Bank of Georgia, (2 Stewart 150) this court remarked, "it was certainly a part of the proof of the plaintiff below, to make out his right to sue, by adducing evidence as to a corporate character;" but the question before the court, was not, whether the plaintiff must make such proof; but whether the proof in the cause, was sufficient to establish the corporate character of the plaintiff; and as the court held it to be sufficient, the other question, as it was not made in the court below, and not presented on the record, did not arise. We do not therefore, consider the opinion then expressed, to be the judgment of the court; and binding as a precedent.

Our conclusion is, that there is no error in the judgment of the court below, and it is therefore affirmed.