CALEDONIA,
*March,*
1842.

Judevine
*v.*
Pennock.

ALDEN E. JUDEVINE *v.* ISAAC PENNOCK.

In an action of covenant broken, upon a covenant against incumbrances, in which the defendant pleaded that he had kept and performed his covenant, and issue joined, evidence tending to prove that the defendant had paid, before the commencement of this suit, a mortgage outstanding at the time of the execution of his deed, is not pertinent to the issue, and for this cause not admissible to support it.

THIS was an action of covenant broken, brought on the defendant's covenant that certain lands, conveyed by the defendant to the plaintiff, were free and clear of all incumbrances.

Plea *non est factum,* and a plea that the defendant had performed his covenant.   Issues to the country.

On the trial in the county court, the deed executed to the plaintiff by the defendant, containing the covenant declared upon, was read in evidence without objection, and the plaintiff also introduced a mortgage deed, executed by defendant and Phineas Dodge to William and Moses P. Hutchins prior to the execution of the deed from the defendant to the plaintiff, of the same premises described in the deed to the plaintiff, to secure the payment of certain promissory notes given by the mortgagors, amounting to about two thousand dollars, which mortgage was recorded in the town clerk's office prior to the execution of the deed from the defendant to the plaintiff, and had never been discharged upon the town clerk's record.

The defendant then called said Dodge as a witness, who was objected to by the plaintiff, but the objection was overruled, and the witness testified that the notes described in said mortgage were paid prior to the commencement of this suit.   There was no evidence tending to show that the plaintiff knew that the notes were paid.

The plaintiff requested the court to charge the jury that he was entitled to recover nominal damages ; but the court instructed the jury that if they found that the notes were paid before the commencement of this suit, the defendant was entitled to a verdict, although the mortgage was not discharged upon the town record, and the plaintiff was ignorant of the payment of the notes.

The jury returned a verdict for the defendant, and the plaintiff excepted to the charge of the county court.

*J. R. Skinner* and *D. Hibbard, Jr.*, for plaintiff.

It is not pretended that the notes were paid when the defendant executed the deed and covenanted against incumbrances. The covenant against incumbrances was broken as soon as the deed was executed.

The plaintiff was entitled to nominal damages. *Richardson* v. *Dorr*, 5 Vt. R. 19, 20. *Potter* v. *Taylor*, 6 Vt. R. 676. 1 Swift, 370. Shep. Touch. 170. See also 1 Taunt. 428; 1 East, 630; 5 Term Rep. 596.

Swift says there are three kinds of covenants that are broken when made, if broken at all, to wit, 1. That the grantor is seized of the premises in fee simple. 2. That he has good right to convey the premises; and, 3. That they are clear from all incumbrances.

In the case of *Garfield* v. *Williams* the plaintiff and his assignee had possessed the land under the conveyance of the defendant until, by length of time (fifteen years before action brought,) an indefeasible title had been gained under the statute of limitations. On these facts the court decided that there was a breach of the covenant, and that a legal cause of action had accrued, and gave nominal damages.

*B. N. Davis* argued for the defendant.

The opinion of the court was delivered by

BENNETT, J.—This case comes before us upon exceptions taken on the jury trial. The defendant, after having pleaded *non est factum*, further pleaded that he had kept and performed his covenant, and, upon this plea, the parties are at issue. The evidence of Phineas Dodge, to show a payment of the mortgage upon the premises, which was outstanding when the deed was executed by the defendant, before the commencement of this suit, is not pertinent to the issue. If there was a mortgage upon the land, the covenant against incumbrances was broken when made, and though the incumbrance was afterwards raised, yet, this does not tend to prove that there has been no breach of the covenant.

Whether the payment of the mortgage to the Messrs.

Hutchins, before suit brought, could, by an appropriate plea, be interposed in bar of the action, or whether it is only matter in mitigation of damages, it does not become necessary to decide ; nor whether Dodge was incompetent as a witness, from the circumstances in which he was placed.

The judgment of the county court is reversed.