Turley, J.
delivered the opinion of the court.
The Merchants Insurance and Trust Company of Nashville, was incorporated on the 9th day of January, 1840, with an express prohibition against using and exercising banking privileges. On the 26th of March, 1846, the state, by her attorney general, filed a bill i,n the chancery court of Davidson county against the corporation, charging it with, using and exercising the privileges of banking, by receiving money on deposit, discounting notes and bills, dealing in exchange, &c., in violation of its charter; and praying that it be restrained from the further exercise of said powers, and that a dissolution and forfeiture of its charter be decreed. This bill is answered by the president of the company upon interrogatories, from which it *251 appears, that powers belonging properly to banking institutions, and the use of whichnvere forbidden to the company, had been exercised by it, but because it was believed that it had the authority so to do.
On the Í2th day of May, 1847, the cause was brought to a hearing before chancellor Cahal, at Nashville, who adjudged, that banking powers had been exercised by the corporation, in violation of the provisions of its charter, and that it should be perpetually enjoined from any further exercise thereof — and that this was a good cause of forfeiture of its charter — which would be decreed, but for the fact, that the right to demand it was waived by the state, through her attorney general and counsellor.
Prom this decree the corporation appealed to this court, which appeal has been dismissed by it through its attorney. Whereupon the attorney general for the state files the record for a writ of error, under the provisions of the act of 1835, ch. 20, sec. 16, and asks that the decree of the chancellor be reversed, and a decree of forfeiture be entered here against the corporation.
It is objected on the part of the corporation, that the application on the part of the state for a writ of error, upon the record, should be disregarded,' and the case dismissed from the docket; because the state obtained by the decree in the chancery court all that was asked against the corporation, and, therefore, has no cause of complaint against the decree, and ought not to be permitted to prosecute a writ of error thereon. To this we cannot yield our assent; because the writ of error' is given by statute in all chancery cases, provided it be prosecuted within twelve months after the rendition of the decree in the chancery court. To hold that it does not he, because every thing has been obtained by it that was asked, would be begging the question; because this cannot be known till the *252 record has been examined and adjudicated upon. If the fact be so, then there is no error in the decree, and an affirmance would be the consequence. But, furthermore, the state did not get all it asked in the bill, for a decree of forfeiture was asked, which was not given. It is true, the chancellor says, because the right to demand it was waived on the part of the state by her attorney general and counsellor. But then the state has a right to be heard in this court, as to the power of her attorney general and counsellor 'to waive such right on her part. And this makes it necessary for us to enquire and de-tei’mine, whether there be any error on the part of the chancellor in not decreeing a forfeiture of the charter of the corporation, under the prayer of the bill. By the common law, thé forfeiture of a charter can be enforced in a court of law only; and the proceeding to repeal it, is by a scire facias, or on information in the nature of a writ of quo warranto. A scire facias is the .proper remedy, where there is a legal existing body capable of acting, but which had been guilty of an abuse of the power entrusted to it. A quo warranto, where there is a body corporate de facto,- which takes upon itself to act as a body corporate, but from some defect in its constitution, it cannot legally exercise the power it affects to use. 8 Wheat. 483-4. 3 Term Rep. 244-5. But a court of chancery, unless especially empowered by statute, cannot decree a forfeiture, though it may hold trustees of a corporation accountable for an abuse of trust. Attorney General vs. Utica Insurance Co. 2 John. Rep. 376-7, 388. Attorney General vs. Earl of Clarendon, 17 Vesey, 491.
On the 8th of January, 1846, the legislature of this state passed an act, ch. 55, the 5th section of which provides, “that whenever it may be deemed proper by the legislature of this state, or the governor and attorney general, for the time being, the latter officer concurring therein, that judicial enquiry shall *253 be instituted, to ascertain whether -any corporation, by nonuser or abuse of its franchises, has incurred a forfeiture of its charter, or has been disabled by a surrender of its franchises, or in any other mode: it shall be the duty of the attorney general, in 'behalf of the. state', to file a bill in equity in the chancery court or circuit court of the district or county wherever the general meetings of the members of the officers of such corporation have usually been holden, setting forth, briefly and without technical formality, the grounds on which such forfeiture or dissolution is alledged to have been incurred, or taken place. And, thereupon, it ¿hall be the duty of said court to take such order for enabling those interested in the charter, or continuance of the corporation, to have due notice of, and make defence against such bill, and make all such rules for procuring and taking evidence, an.d having a fair trial ol the controverted facts, as shall be deemed just and reasonable, and the suit shall be proceeded in as other suits in.equity.”
The 8th section provides, “that it shall be lawful for the attorney general to file a bill, in the nature of a bill in equity, in the court of chancery or circuit court, as herein before directed, to restrain by injunction any corporation from assuming or exercising any franchise not granted, to bring the directors, managers and officers of a corporation, or the trustees of a fund given for public or charitable purpose^ to an account for the management and disposition of the property confided to their care, and to remove such officers and trustees upon proof of misconduct; to secure for thd benefit oí all interested, the property or funds aforesaid; to set aside and restrain improper alienations, and generally to compel the faithful performance of duty.” This statute enlarges the jurisdiction of a court of chancery in relation to corporations, and iinpowers it to decree a forfeiture’of a charter upon a proper case made out, and if there be no cause of forfeiture, still to restrain a, *254 corporation from assuming or exercising powers not granted. The 5th section is obviously inténded to apply to cases of forfeiture, which the legislature has defined to be for non-user or abuse of its franchises, or a surrender of them. The 8th section, to cases of an assumption and exercise of franchises not granted, which are not considered as amounting to a forfeiture. Now, though we are not willing to say, that proceedings for a forfeiture may not be had against a corporation'by scire facias, or quo warranto, for an assumption and exercise of powers not granted by the act of incorporation; yet it would seem, that such usurpation is not of itself necessarily a forfeiture at common law, for it is laid down in Angel & Ames on Corporations, page 662, that “in general, to work a forfeiture there must be something wrong, arising from wilful abuse or improper neglect; something more than'accidental negligence, excess of power, or mistake in the mode of exercising an acknowledged power; from which it would seem, that a mere negligent or mistaken excess of power, would not of itself work a forfeiture of a charter of incorporation. And, therefore, it may be, and no doubt is, that the legislature in giving the courts of chancery in this state jurisdiction of this subject, has confined the power of decreeing forfeitures, toi cases of non-user, or abuse of the granted franchises, and to cases of disability, created by a surrender of them, or other causes, and has been content to rely upon the injunction powers of the courts in cases of the assumption and exercise of franchises not granted. And in as much as the proceeding for forfeiture is highly penal, has not given the attorney general the power to file a bill for that purpose, unless it be deemed proper by the Legislature, or the governor of the state, but that by injunction being preventive, the power of proceeding by bill is given at the discretion of the attorney general. With this view of the power conferred upon the *255 attorney general, there can be but little difficulty in determining under which section of the law this bill was filed. The bill does not charge, that it was deemed proper, either by the legislature of the state, or the governor for the time being, that a judicial enquiry should be instituted for a forfeiture against the corporation. It does not charge a non-user or abuse of the franchises of the corporation, nor that it has been disabled by a surrender of its franchises, or in any other mode. Then it cannot be a proceeding under the 5th section of the statute. But it does charge an assumption and exercise of franchises hot granted, and is, therefore, filed under the 8th section of the statute. Under this section, as we have seen, the chancellor had ho power to decree a forfeiture, but only prohibition by injunction; the very thing he did. Here we might-stop this investigation. But we deem it proper to say, that even if the bill had been filed under the 5th section, and the assumption and exercise, on the part of the corporation, of the franchises, not granted, had constituted a good cause of forfeiture, we should not be willing to decree a forfeiture here, the chancellor having neglected to do so; because, we think, this assumption and exercise were an honest mistake in the construction of the charter of incorporation ; and, because, the state, through its attorney general and counsellor, waived the right to demand a forfeiture.
The decree of the chancellor will, therefore, be in all things affirmed.