Mr. Justice Walker delivered the opinion of the Court. The Alderman and Town Council of the town of Washington, brought their action of assumpsit against the defendant upon verbal promises made to the corporation. The defendant pleaded non assumpsit. Upon the trial of the cause, the plaintiff offered in evidence a transcript of the record of the County Court of Hempstead county, which, upon the objection of the defendant, the Court refused to permit to be read as evidence; and also refused to permit any other evidence to be given until competent proof of the corporate existence of the plaintiff should be produced. The plaintiffs excepted, and have brought the case before us, assigning the decision of the Court and its final judgment against them as error. The record presents properly but two questions : 1st. Under the issue, was it necessary to prove the corporate existence of the plaintiff, and if not, and the fact was admitted by defendant’s plea, did he thereby also admit the power of the plaintiff to make the particular contract upon which the suit was brought ? 2d. If such proof under the issue devolved upon the plaintiff, was the record offered in evidence admissible for that purpose ? There are but few matters of defence which are not equally available under this issue as if specially plead. In Stephen Pl. 507, it is said that in indebitatus assumpsit for goods sold and delivered, this plea operates as a denial of the sale and delivery in point of fact: in^ the like action for money had and received, it will operate as a denial of the receipt of the money and the existencee of those facts which make such receipt by the defendant a receipt to the use of the plaintiffs.” Our first inquiry should be as to whether the plea of the general issue did or did not admit the corporate existence of" the plaintiff. There are but few better settled rules of pleading than that by pleading to the merits the defendant admits the capacity of the plaintiff to sue; and although when applied to' corporations there is some diversity of opinion as to its applicability, still, upon principle and authority, we think there is no sufficient reason for excepting a corporation plaintiff out of the general rule. It has been held, by the Supreme Court of the United States, that, by pleading to the merits, the defendant necessarily admits the capacity of the plaintiff to sue. (Conard vs. The Atlantic Insurance Co., 1 Pet. 387. Yeaton vs. Lynn, 5 Pet. 224.) In Massachusetts it has been held that the defendant by pleading non assumpsit admitted the existence of the corporation. (Kennebec Purchase vs. Call, 1 Mass. 483. 3 Pick. 232. 5 Watts & Serg. 215) : In New Hampshire, that the general issue is a waiver of all exceptions to the person of the plaintiff, (School Distsict vs. Blaisdell, 6 N. Hamp. 197. Id. 527): In Alabama and Ohio, that a plea to the merits admits the capacity of the plaintiff to sue, Preme & Garrett vs. Com. Bank of Columbus, 1 Ala. 242. Meth. Epis. Ch. of Cincinnati vs. Wood, 5 Ham. 286. 12 Ohio R. 132). In Vermont, the same question was discussed at great length, reviewing the English and American decisions, and it was decided that the defendant, by pleading the general issue, admitted the corporate existence of the plaintiff. (Bank of Manchester vs. Allen, 11 Verm. 302. Phœnix Bank vs. Curtis, 14 Verm. 438.) Such has also been the decision of the courts of Maine. 4 Shepp. 224. 5 Shepp. 34. In New York, the contrary doctrine has been held: yet the decisions in that State have not been uniform. We find it decided in the case of Jackson ex dem. The Trus. of Union Academy of Stone Arabia vs. Plumbe, (8 John. R. 378,) that, under the general issue, the plaintiff must prove the existence of the corporation; while, on-the other hand, in the case of Carpenter & Rose, overseers, &c. vs. Whiteman et al., (15 John. Rep. 208,) the same Court decided that the defendant, by pleading the general issue, admitted the capacity of the plaintiff to sue; and in the case of The Bank of Auburn vs. Aikin, (18 John. R. 137,) it was held that the plea of nul tiel corporation was a good plea. But the more recent decisions of the Courts of that State seem to have settled the question differently, as will be seen by reference to the decisions in 19 John. R. 300. 6 Wend. 236. 2 Cow. R. 770, and 6 Hill 501. So that we must admit that in New York, under the general issue, the plaintiff would be bound to prove its corporate existence and capacity to sue. In addition to the' authorities to which we have referred as opposed to the decisions of New York, we may add that of the case of The Society for the Prop. of the Gospel vs. Pawlet, 4 Pet. 501. The opinion of the Court was delivered by Judge Story, and he there not only sustains the doctrine fully that the general issue admits the corporate existence of the plaintiff, but he adds “ to sue in the particular action which they bring.” And the question has been expressly decided by this Court in the case of McKiel vs. R. E. Bank, (4 Ark. 594.) The question arose upon the plea of general issue; the Court said “the Bank, being a public corporation, its existence wras not required to be proved, as the Court was bound judicially to take notice of it.” This decision, we think, well sustained by the authorities, and conclusive as to the effect of the plea of the general issue, when pleaded to an action brought by a public corporation. Had this been a foreign or a private corporation, a question of interest might have arisen as to the extent of the admission: because it by no means follows that, by admitting the corporate existence and character of the plaintiff, there must also be a still further admission in regard to the rights which that existence and character confer. The first is an admission of the existence and character of the plaintiff. The second, as to the rights and powers which may be exercised under it. For example: the admission of the existence of the person in his individual character is necessarily an admission of all the rightsj to contract which the law confers upon the citizen. The admission of the existence of one as administrator or guardian is an admission of the rights and powers conferred' by law on him as' such. But where an artificial plaintiff is created, its rights and powers depend, not on the general law, but on the particular act creating it, and are limited and prescribed by the act itself. And, unless the act be a public law, of which the Court should take judicial notice, it becomes a matter of inquiry upon the trial, not whether the plaintiff has a corporate name and existence, but whether power has been conferred upon it to make the particular contract in suit. And as the plea of non assumpsit raises the question of the validity of the contract, we are not prepared to say that the plaintiff in such case should not show that power was conferred authorizing such contract to be made. If, therefore, the act under which this corporation was brought into existence is a public law, defining the powers and capacities of the corporation to contract, the Court was bound judicially to take notice of it, and no proof under the issue upon this point was necessary. Of this there can be no doubt. The act is of a general nature: providing for the incorporations of towns generally, and conferring general and uniform powers on each, amongst which is the power to contract for the benefit of the town incorporated as fully as natural persons might. Dig., sec. 1, p. 971. The defendant having, by his plea, admitted the corporate existence and character of the plaintiff, and the law having declared its right to contract, of which the Court was bound to take notice, the only question presented by the issue was, whether the contract was in fact made as alleged in the plaintiff’s declaration, and the damages which might arise from a breach of it. The Circuit'Court, therefore, errred, not in rejecting the record offered in evidence, but in refusing to permit the plaintiff to produce other evidence and progress with his cause, and in rendering judgment against the plaintiff for costs. The judgment of the Hempstead Circuit Court must, therefore, be reversed, and the cause remanded to be proceeded in according to law, and not inconsistent with this opinion.