Robalina *v.* Armstrong.

------------ ◆ ------------

EMMA ROBALINA, by her guardian Ozias Gilbert, *vs.* ARMSTRONG.

The putative father of an illegitimate child has no right to the custody of the child, against its consent.

The mother is entitled to the custody of a bastard child ; and if the putative father wrongfully and fraudulently obtains possession of the child, and retains such possession, until compelled to relinquish it by the court, on habeas corpus, an action for false imprisonment will lie, in the name of the child.

ACTION for an assault and battery and false imprisonment. The plaintiff was the illegitimate child of Eliza Gilbert, and was aged about four years.   Eliza Gilbert was the daughter of Ozias Gilbert, who resided in Norfolk, St. Lawrence county, and was in comfortable circumstances.   Eliza Gilbert and her child had, ever since the birth of the child, resided in the family of Ozias Gilbert, and been supported there.   The defendant was the putative father of the plaintiff; and a short time before the commencement of this suit, he got possession of her, without the consent of her mother, and refused to restore her to her mother,

and withheld such possession by force until the child was restored to the mother, by proceedings under a writ of habeas corpus. The present action was then brought, and was tried before Mr. Justice HAND, at the St. Lawrence circuit, in February, 1852.

On the trial the defendant's counsel moved for a nonsuit, on the ground that the action would not lie. This motion was overruled, and the defendant excepted. The defendant then offered to prove that he was in better circumstances to maintain the child than the mother. This evidence was objected to, and excluded, and the defendant's counsel excepted. The cause was summed up to the jury, who found a verdict for the plaintiff for $62 damages, subject to the opinion of the court.

*B. Perkins*, for the plaintiff.

*C. G. Myers*, for the defendant.

*By the Court*, WILLARD, P. J. The father had no right to the custody of the plaintiff against her consent. (*The King* v. *Soper*, 5 *D. & E.* 278. *The King* v. *Hopkins*, 7 *East*, 579.) The same principle has been repeatedly adjudged in this state. The mother of a bastard child is entitled to its custody; but if it appears that the child is abused, the court will interfere in behalf of the child, and direct it to be placed elsewhere. (*The People* v. *Landt*, 2 *John.* 375. *Carpenter* v. *Whitman*, 15 *Id.* 208. *The People* v. *Kling*, 6 *Barb. Rep.* 366.) The rule is the same in Massachusetts. (*Wright* v. *Wright*, 2 *Mass. Rep.* 109. 2 *Kent's Com.* 215.) There was no pretense that the plaintiff was not well treated by her mother, or that her mother relinquished her custody. On the contrary there was some evidence that the defendant had fraudulently obtained the possession of the child.

As the possession of the plaintiff by the defendant was wrongfully obtained, and was wrongfully maintained, until terminated by the interposition of the law, an action for false imprisonment was the proper remedy. This action can be maintained only in the name of the infant, whose rights were violated. The recov-

ery is for the benefit of the child, and not of the parent. (*Plummer* v. *Webb, Ware,* 75.) If the parent sustains an injury, for loss of service or for medical attendance, by the abduction of his child, he can maintain an action for that cause. But for the personal injury to the child, the action must be in the name of the child. (*Reeve's Dom. Rel.* 291.) This doctrine was directly involved in *Whitney* v. *Hitchcock,* (4 *Denio,* 461–3,) and in *Cowden* v. *Wright,* (24 *Wend.* 429, 30;) and it was distinctly affirmed by Bronson, Ch. J., in *Bartley* v. *Ritchmyer,* (4 *Comst.* 43.)

The necessity of the action being brought in the name of the infant, when the injury was inflicted upon her, and where the object is to recover damages for that injury, does not admit of a doubt, either upon principle or authority.

From what has been already said, it is plain that the defendant's offer to show that he was in a better condition to maintain the child than her mother, was properly overruled by the learned judge. As against the mother he had no right to the custody of the plaintiff. (6 *Barb.* 366, *supra.*)

There must be judgment for the plaintiff.

[FULTON GENERAL TERM, September 6, 1852. *Willard, Hand, Cady* and *C. L. Allen,* Justices.]