HENRY H. NYE *v.* BURLINGTON AND LAMOILLE R. R. CO.

*Pleading. Railroad. Motion to Dismiss.*

The defendant was sued as "the Burlington and Lamoille Railroad Company, a company organized under the laws of this State," etc. The service of the writ was like that required by the statute, on a corporation, by leaving a copy with its clerk. A motion was filed to dismiss on the ground that the service was illegal; but it did not specify any error, or the method of correcting it. *Held:* (*a*) That, as there is a general law under which railroad corporations can be organized, it is presumed that the defendant is a corporation organized under this law; (*b*) That the motion—if the objection is available on motion —is faulty in not pointing out both the defect and its correction.

MOTION to dismiss a writ on the ground that the service was illegal. Heard December Term, 1886, VEAZEY, J., presiding. Motion overruled. Affirmed.

The substance of the motion was that the writ had not been legally served. It appeared from the officer's return that he attached one car, and that he lodged a copy of the writ in the town clerk's office, where the car was attached, and that he also left a copy with the clerk of the defendant company.

*E. R. Hard*, for the defendant.

The defendant in the mandatory part of the writ is described as "the Burlington and Lamoille Railroad Company, a com-

pany," etc.; and there is nothing anywhere in the record which varies this description, or indicates what sort of a "company" the defendant is.

The question presented by this motion to abate must be determined by what appears upon the face of the process, unaffected by any extraneous fact or inference; and the motion should prevail unless it appears by the record that the requirements of the statutes respecting the service of attachment process have been strictly complied with.

It does not appear from the record in this case that the defendant is a corporation, an "association or joint-stock company consisting of five or more members," or a "partnership composed of five or more persons," in which cases, only, service can properly be made by copy to a clerk, etc., as provided by R. L. s. 873, and by the Act of 1882. Acts 1882, No. 71.

The suit must therefore be treated as one against a plurality of natural persons, insufficiently described; and the writ could be served only in the manner prescribed by R. L. ss. 871, 881, if, indeed, any service of so faulty a process could be effectual. The service, therefore, by copy to the clerk is insufficient.

*B. A. Hunt*, for the plaintiff.

The writ was legally and sufficiently served. R. L. s. 873; Acts 1884, No. 99.

It was personal property that was attached and should have been attached as such. 31 Barb. 590; 47 Barb. 104; 52 N. Y. 521; 57 N. Y. 314.

The opinion of the court was delivered by

Ross, J. Conceding, without deciding, that the objection is available on motion, instead of plea, we do not think it is well taken. The defendant, as alleged in the writ, is the "Burlington and Lamoille Railroad Company, a company organized under the laws of this State." The name of the defendant, "Burlington and Lamoille Railroad Company," as

well as the qualifying clause, "a company organized under the laws of this State," is consistent with the defendant being a corporation upon which service of process can be legally completed only by delivering a copy to its clerk. Pleas in abatement are not favored, and no presumptions are made to uphold them. We have, and for several years have had, a general law under which railroad corporations could be legally organized. It is to be presumed, if any presumption is to prevail, that the defendant is a corporation organized under this law. It is alleged to be a railroad company. The duties of such a company are more or less of a public nature, and of such a character that it is difficult to conceive of their exercise by a copartnership. Nor have we any statute authorizing the organizing copartnerships for the exercise of the functions required for the full construction, operation and transaction of the business of a railroad company. This company is alleged to have been organized under the laws of this State, clearly referring to the general law enacted for the organization of railroad companies as corporations. The rule, applicable alike to motions and pleas in abatement, is, that they must give the plaintiff a better writ, in that they not only point out the error, but also the method of correcting it. 1 Chit. Pl. 446. The motion is faulty in both of these requisites. It neither alleges nor denies the corporate existence of the defendant, nor in what respect the supposed service of the writ upon it is defective, nor in what manner it can be corrected.

The *pro forma* judgment of the County Court is affirmed, and cause remanded to be further proceeded with.