PETITION OF VICTORIA HOPE FOR A WRIT OF HABEAS CORPUS.

In proceedings relative to the custody of an infant child the paramount consideration is the welfare of the child.

Where it appeared to the court on the evidence before it, that the welfare of an infant child would be best promoted by leaving it in the care and custody of the Rhode Island Society for the Prevention of Cruelty to Children where it had been placed by a decree of another court, this court refused, on the application of the mother, a resident of another State, to make any change for the time being regarding the custody of the child.

This court has no power to order a child in this State to be placed in an institution in another State upon the offer of such institution to receive it.

PETITION for a writ of *Habeas Corpus.*

*May* 28, 1896. TILLINGHAST, J. The primary and paramount consideration in a case of this sort is the welfare of the child. *McKim* v. *McKim,* 12 R. I. 462 ; *Hoxie* v. *Potter,*. 16 R. I. 374 ; Hurd on Habeas Corpus, § 461 ; Church on. Habeas Corpus, § 446, and cases in note 1. In determining this question, of course the legal rights of the parents respectively, where the case is one in which there is a contest between them as to the custody of their children, will be carefully considered and duly respected, these rights being founded in nature and wisdom, and being essential to the peace, happiness and good order of society. In other words, the court, in determining said question, will exercise a sound judicial, and not an arbitrary, discretion. In a case like the one now before us, where the child was born out of wedlock, and hence the custody thereof legally belongs to the mother as its. natural guardian, (*People* v. *Kling,* 6 Barb. 366 ; 9 Amer. & Eng. Encyc. of Law, 248, and cases cited in note 1 ; Church on Habeas Corpus, § 454 ;) the court will also carefully con-

sider and have regard to her legal rights, as well as her maternal affection for her offspring, in determining whether she is the proper person to have the custody thereof. Yet, as above stated, the paramount consideration, and the one which must be decisive of the case, is that which pertains to the best interests of the child. And if, on the whole, it clearly appears that the welfare and permanent good of the child require that it be taken from the mother and placed in the custody of another, the court will so order. For, while the relative rights of parent and child are of the most sacred and inestimable value, yet they are under the control and regulation of law, which must declare how far the rights and control of the parent shall extend over the child, how they shall be exercised, and where they shall terminate. Church on Habeas Corpus, § 446 ; *Bennet* v. *Bennet,* 13 N. J. Eq. 114 ; *State* v. *Smith,* 6 Greenl. 462 ; *Commonwealth* v. *Briggs,* 16 Pick. 203.

The evidence submitted in the case before us very conclusively shows that the welfare of the infant child in question will be best promoted by leaving it in the care and custody of the Rhode Island Society for the Prevention of Cruelty to Children, where it was placed by decree of the Municipal Court of Providence in January last. See Gen. Laws R. I. cap. 115. We refrain from a discussion of the evidence in the case, as it could serve no useful purpose and might reflect unnecessarily upon the character of the petitioner, whose environments in life, unfortunately, have not been favorable to the development of a high degree of moral rectitude.

One thing, however, in connection with the testimony offered in behalf of the petitioner, deserves our attention. We refer to the letter from the Massachusetts Society for the Prevention of Cruelty to Children, addressed to the petitioner under date of May 14, 1896, in which said society, by its agent, expresses its willingness to accept the custody and care of the child in question, if the Rhode Island society chooses to surrender it to them, or if "*so ordered*" by the court in Rhode Island. And in this connection the counsel for the petitioner argues that, by accepting said proposition,

the child would be placed where the petitioner, who is a resident of Cambridge, Massachusetts, could more conveniently visit it.   Of course we have no doubt of the good faith of said offer, or as to the ability of said last named society properly to care for and support said child.   Yet, as it is already in the care and custody of our own State society, under the decree aforesaid, and within our own jurisdiction, and, moreover, as it has already necessarily become acquainted with those in the immediate control and management thereof, and is being well cared for, we do not think it wise at present to make any change regarding its custody. Of course we have no power in any event to *order* the child to be placed in said Massachusetts institution, as suggested in the offer to receive the same as aforesaid.

The petition for a writ of habeas corpus must therefore be denied.

*Lorin M. Cook*, for petitioner.

*Richard B. Comstock & Rathbone Gardner*, contra.