ADELARD THIBAULT *v.* CONNECTICUT VALLEY LUMBER CO.

October Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed October 5, 1907.

*Motion to Dismiss for Defective Service—Requisites.*

A motion to dismiss for lack of proper service of the writ should specify in what respect the service is defective.

GENERAL ASSUMPSIT.  Heard on motion to dismiss, at the March Term, 1907, Essex County, *Taylor,* J., presiding.  Motion overruled.  Defendant excepted.  The motion was:

"And now comes the said defendant, by its attorneys, Dale & Amey, who appear specially in said cause for this purpose, and moves this Honorable Court to dismiss said cause, for that the service of the original writ therein is not a lawful service of said writ upon said defendant according to the form of the statute in such case made and provided; as appears by the copy of record and appeal now on file in said court herein referred to."

The officer's return as amended, is:

"At Bloomfield, in said county, this 30th day of June, A. D. 1905, I then served this writ, and on the 30th day of June I continued the service of this writ by attaching as the property of the within defendant five hogs now in the buildings owned and occupied by the Connecticut Valley Lumber Company, in Bloomfield, Vt., and on the same day I sent to the town clerk's office in said town of Bloomfield a true and attested copy of this writ with a description of the property and estate so attached, with this my return endorsed thereon for record.  And on the 30th day of June, at said Bloomfield, I delivered to L. Turcotte, known agent of the said defendant and a man of sufficient discretion to receive the same for the defendant, a like true and attested copy of said writ with a list and description of property and estate so attached and this my return thereon endorsed."

*Amey & Hunt* for the defendant.

The motion states that the writ was not served according to the statute in such .case made and provided. It was not necessary to point out specifically that V. S. 1097 is the statute referred to, as the court notices said statute. The court also notices that the writ styles the defendant a corporation and that service was made upon "a known agent of said defendant and a man of sufficient discretion to receive the same for the said defendant." This case does not stand as did *Nye* v. *Burlington & L. R. Co.*, 60 Vt. 585. In that case the defect was in the writ, while here no question is made but that defendant is a corporation as set up in the writ.

*H. W. Blake* for the plaintiff.

"A motion to dismiss is in the nature of a plea in abatement." *Alexander* v. *School Dist.*, 62 Vt. 263; *Snow* v. *Carpenter*, 49 Vt. 426. A defendant who, after having received actual notice of the pendency of the action against him, seeks to abate the writ by defences of this nature, must take the risks incident to such defences, and not only point to a defect appearing upon the officer's return, but also show that the service shown by the return was the service in fact made, that no other service was made, that the defendant did not accept service, and that the defect has not been cured or waived. To this effect are the cases of *Barrows* v. *McGowan*, 39 Vt. 238; *Sumner* v. *Sumner*, 36 Vt. 105; and the *American Oak Leather Co.* v. *Bell & Clark Co.*, 70 Vt. 118, which holds such pleas bad for not presenting an issue, which if disposed of upon traverse, would be determinative of the claim raised; *Leonard* v. *McArthur*, 52 Vt. 439, holding that—"It was for the defendant to establish cause of ending the suit, and that in order to do so he must bring the matter before the court and have it prosecuted to issue, trial and judgment, according to the recognized law and the rules of procedure to that intent"; and *Conn. Pass. R. R. Co.* v. *Bailey*, 24 Vt. 465, and *Culver* v. *Balch*, 23 Vt. 618, holding that a motion to quash must be for causes apparent upon the face of the record, and if it does not appear by the record and is not necessary that it should so appear in order to

render the process valid, the motion cannot be sustained, and may well be demurred to.  See *Harvey* v. *Hall*, 22 Vt. 211; *Gray* v. *Flowers*, 24 Vt. 533; *Dow* v. *School Dist.*, 46 Vt. 108; *Nye* v. *R. R. Co.*, 60 Vt. 585.

"The rule, applicable alike to motions and pleas in abatement, is that they must give the plaintiff a better writ, in that they not only point out the error, but also the method of correcting it."  Gould Pl. Ch. V., §67; 1 Chit. Pl. 446.

WATSON, J.  It is sufficient for the disposition of the case that the motion to dismiss does not point out in what respect the service of the writ was defective.  *Nye* v. *Burlington & Lamoille R. R. Co.*, 60 Vt. 585.

*Judgment affirmed and cause remanded.*