IN RE LOUISE BYRON.

November Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 22, 1909.

*Motion to Dismiss — Requisites — Habeas Corpus — Review —*
*Finding of Facts—Bastards—Custody—Right of Mother—*
*Presumptions.*

A motion to dismiss must point out the claimed error and state the method of correcting it.

Where a motion to dismiss is before the court, is expressly made part of the bill of exceptions, and fails to point out the defect at which it is aimed, that insufficiency is not cured by an allegation in the bill of exceptions stating the ground of the motion.

In habeas corpus for the custody of a bastard, the exclusion of evidence that the mother had changed her mind as to the religious faith in which she intended to rear the child, offered to show that she is a changeable and unsuitable person, was harmless, because too weak to support a finding.

Whether the welfare of the child required that its custody be given to its mother was a question of fact, and the judgment below being *pro forma*, this Court is limited by the facts actually found, as shown by the record.

The mother of a bastard child is entitled to its custody, unless the child's welfare requires the contrary.

On habeas corpus, the presumption is that the welfare of a bastard child requires it to be in the custody of its mother.

HABEAS CORPUS. Heard on respondent's motion to dismiss, and then on the merits, at the April Term, 1909, Essex County, *Miles,* J., presiding. Motion to dismiss overruled, and judgment, *pro forma,* that the relatrix be discharged from the custody of the respondents, and committed to the care of the sheriff of Essex County pending the disposition of the case in Supreme Court; and, upon failure of the contestants to prosecute their exceptions, that the relatrix be committed to the cus-

tody of her mother. The respondents excepted. The opinion states the case.

*George L. Hunt* for the respondents.

*Herbert W. Blake* for the relatrix.

The motion to dismiss is defective for that it does not point out the claimed defect and indicate its remedy. *In re Barker*, 56 Vt. 1; Hurd on Habeas Corpus, 143, 525, 531; Spelling on Injunctions and Other Extraordinary Remedies, 2nd Ed. §1161; *Thibault* v. *Conn. Valley Lbr. Co.*, 80 Vt. 333; *Nye* v. *Burlington & Lamoille R. R. Co.*, 60 Vt. 585; Gould's Pleading, Ch. 5. §67; 1 Chitty Pleading, 446.

POWERS, J.    The relatrix, a child four years of age, is the illegitimate daughter of Cassie Jordan, who brings this petition for a writ of *habeas corpus* as next friend. The putative father of the relatrix is one Joseph Byron. For several years these parties, though unmarried, lived together as man and wife, during which time the relatrix was born. Later on, during the temporary absence of the mother, Byron took the child and disappeared and has ever since kept it secreted from the mother, though she vainly sought to discover its whereabouts. Finally, the mother found the child in the custody of the respondents, whom the father had hired to keep it, and who are respectable and deserving people residing at Island Pond, Vt. The mother is now married to one Samuel Jordan, and lives at Mechanics Falls, Me.

1.    In the county court, the respondents filed a motion to dismiss, but it failed to point out the defect at which it was aimed,—so it was properly overruled. The rule being, that a motion to dismiss, like a plea in abatement, must "not only point out the error, but also the method of correcting it." *Nye* v. *R. R. Co.*, 60 Vt. 585; *Thibault* v. *Conn. V. L. Co.*, 80 Vt. 333. It is now argued that it must be taken that this motion satisfies the rule, for the bill of exceptions states that the respondents moved that the complaint be dismissed "for that it was not properly sworn to, being sworn to before a notary public, and not before either said Essex County Court or a judge thereof, or a justice of the peace,"—and that the bill must con-

trol.  But the motion itself is before us, being expressly referred to and made a part of the bill, and shows that the grounds specified found expression in argument only, and not in the motion itself.

2.  As evidence tending to show that the mother was not a suitable person to bring up the child—she having testified that she intended to rear the child a Protestant—the respondents offered to prove that she had, shortly before, stated that she intended to bring up the child in the Catholic faith.  This was excluded.  The only claim made in support of the offer was that it tended to show that the mother was a changeable and unstable person.  But we are satisfied that no harm resulted even if error was committed, for we cannot believe that any substantial finding could be predicated upon so slight a foundation as the excluded evidence would have furnished. ·

3.  Though it appears from the record that the question of the mother's fitness was an issue, there is no finding as to where the interests of the child require its custody to be placed. Such question is one of fact, and the judgment below being *pro forma* we are limited to the facts actually found and placed upon the record.  *Brown* v. *Mudgett,* 40 Vt. 68.

It is uniformly held in this country that the mother is entitled to the custody of her illegitimate child, unless the court, from a consideration of the welfare of the child, finds good reason to place it elsewhere.  *Wright* v. *Wright,* 2 Mass. 169; *Marshall* v. *Reams,* 32 Fla. 499, 37 Am. St. Rep. 118; *People* v. *Kling,* 6 Barb. 366; *Robalina* v. *Armstrong,* 15 Barb. 247; *Bustamento* v. *Analla,* 1 N. M. 255; *In re Nofsinger,* 25 Mo. App. 116; *Hudson* v. *Hills,* 8 N. H. 417; *Ousset* v. *Euvrard,* (N. J.) 52 ˙Atl. 1110; *In re Hope,* (R. I.) 34 Atl. 994.  See, also, *Adams* v. *Adams,* 50 Vt. 158, wherein this rule was distinctly recognized, though it was not directly involved.  It is to be observed that the mother's right in such cases is not an absolute and unbending one, but like the right to the custody of legitimate children, it yields whenever the best interests of the child require.  This principle runs through all the cases.  But, as in the case of a legitimate child, the presumption is that its best interests require it to be in the custody of its parents, *Hibbette* v. *Bains,* (Miss.) 51 L. R. A. 839, *Weir* v. *Marley,* (Mo.) 6 L. R. A. 672, so in the case of an illegitimate child,

the presumption is that its best interests require it to be in the custody of its mother; or, as it is sometimes stated, the right to its custody is *prima facie* hers. So when one seeks to deny her right or deprive her of such custody, he assumes the burden of showing that some reason exists why in the given case she is not entitled to the benefit of the general rule.

In the absence of such a finding, the mother is entitled to the custody of the child here involved.

*Pro forma, judgment of discharge affirmed, order of commitment vacated, and custody of the relatrix awarded to her mother, Cassie Jordan.*