HAMILTON S. PECK *v.* MARY LOUISE LEGRANADE.

November Term,. 1919.   .

Present:   WATSON, C. J., POWERS, TAYLOR, and MILES, JJ.

Opinion filed February 9, 1920.

*Equity—Motion to. Dismiss for Defective Subpœna—New Sub-*
   *pœna Ordinarily Allowed.*

1.  A motion to dismiss a petition of foreclosure because of want of, or defects, in the subpœna, is in the nature of a plea in abatement, and was properly overruled for failing to give the plaintiff a better writ; the rule applying to such motions and pleas, not only at law, but as to substance in equity also.
2.  Where it appears after a bill or petition in equity is filed, that the process of subpœna is defective, and the defendant appears only specially to object thereto for that reason, the rule is that ordinarily the bill or petition should not be dismissed, but the plaintiff should be permitted or directed to sue out and serve a new subpœna.

APPEAL IN CHANCERY.   Petition for foreclosure.   Heard on defendant's motion to dismiss for want of proper subpœna, and plaintiff's demurrer thereto, at the September Term, 1918, Chittenden County, *Slack,* Chancellor. ˙ Decree sustaining the motion,

and dismissing the petition. The plaintiff appealed. The opinion states the case.

*R. E. Brown* for the plaintiff.

*A. H. George* and *C. G. Austin & Sons* for the defendant.

WATSON, C. J. The writ of subpœna attached to the petition of foreclosure is in the form which generally obtained in this State prior to the passage of No. 55, Acts of 1908. By the form thus used, the writ was directed to the party himself, commanding him to appear at the next stated term of the court of chancery (in the county in which the bill or petition was returnable, if the required time for notice intervened), to be served by a sheriff or constable. By the act of 1908 (G. L. 1499), such subpœnas shall be in substantially the form there prescribed: Directed to any sheriff or constable, who is thereby commanded to notify the defendant to appear, etc., and to cause his appearance to be entered with the clerk of the court, on or before the expiration of forty-two days from the date thereof, the service and return to be made within twenty-one days from the same date.

The defendant appeared specially for the purpose of interposing a motion to dismiss, urging it on the grounds: (1) There is not attached to the petition any subpœna for the defendant to appear and make answer; (2) the petition does not command that it be served and returned within twenty-one days from the date thereof; (3) the petition does not contain the subpœna prescribed by law; (4) the petition commands the defendant to appear before the court of chancery at, etc., on the second Tuesday of March, 1919; and (5) the petition does not command or direct that the defendant be notified to cause her appearance to be entered on or before the expiration of forty-two days from its date.

The petitioner challenged the motion, assigning several reasons why it should not be granted. One of the reasons plainly stated is that the motion does not point out the method of correcting the asserted defects. We need consider no other in disposing of the motion.

[1] The motion was in the nature of a plea in abatement, and as to substance (at least) it must meet the requisites of such

a plea, one of which is that it must give the plaintiff a better writ. This it does not attempt to do, and consequently is insufficient. *Nye* v. *Burlington & Lamoille R. R. Co.,* 60 Vt. 585, 11 Atl. 689; *In re Byron,* 83 Vt. 108, 74 Atl. 488. And this rule applies to such motions and pleas, not only at law, but as to substance (surely) in equity also. 10 R. C. L. 455, § 222; *Livingston* v. *Story,* 11 Pet. 351, 415, 9 L. ed. 746, 771.

[2] During the hearing on the motion, the petitioner asked that, in event it should be held sufficient, he be permitted to amend the subpœna. Such permission was denied, and the petition dismissed with costs to the defendant. The appeal fairly presents the question of the correctness of this decree, as covering the two elements which enter into it. We have already said enough to show that the ruling sustaining the motion was error. The other element is of much importance in equity practice: Whether, where it appears, after a bill or petition is filed, that, by reason of irregularities, the process of subpœna does not substantially conform to the requirements of the statute, and the defendant appears only specially to object thereto for that reason, the bill or petition should be dismissed; or whether the case should be retained in court and an order made permitting or directing a new subpœna to issue and be served on the defendant, unless the irregularities be waived by his general appearance or in some other manner equally effective. We think the general rule of practice in such circumstances should be and is to permit or direct the plaintiff to sue out and serve a new subpœna. This in effect seems to have been the English practice. Under that practice, if the defendant, after being served with a subpœna, did not voluntarily enter his appearance upon the return of the subpœna, his appearance was made compulsory through proceedings for contempt. It was generally considered most advantageous for the defendant, when he had been improperly served with a subpœna before the filing of the bill, to wait till the attachment had been issued against him, and then move to set the process aside for irregularity, the effect of such a proceeding being to oblige the plaintiff to sue out and serve a fresh subpœna. 1 Dan. Ch. Pr. (2nd Amer. ed.) * 593. We are not to be understood as saying that the question of the granting of such permission does not rest in the discretion of the chancellor; but the practice of granting it is so much in the interest of reasonable progress without unnecessary delay, that a refusal should be based on

something out of the ordinary, in the particular case before the court.

*Decree reversed, and cause remanded.*