### ABEL EDGELL *vs.* SAMUEL STANFORD.

CALEDONIA,
*March,*
1834.

A *bona fide* debt or demand, contracted upor a legal consideration, is not lost and destroyed by being mingled with a usurious transaction, or being made in whole or in part the consideration of a usurious contract.

A promissory note is evidence under the money counts in a declaration, and may be evidence under them, when it has been cancelled or destroyed without payment.

Where a note, not tainted with usury, has been given up and cancelled, on being made the consideration of a usurious contract or note, which latter has been avoided as usurious, held that the note cancelled, or the consideration of this, may be recovered, and evidence of the note or consideration be received under the money counts in a declaration.

This is an action of assumpsit. Plea, general issue, closed to the country.

The declaration contained several counts variously describing a single promissory note, agreeing in date and amount, but differing as to time of payment and whether to order or not, and also to being with interest ; and all the counts conceding, that by mistake or casualty, the note was in the hands of the defendant ; also a general count for money had and received.

On trial the plaintiff stated and offered to prove, that he once held sundry valid promissory notes in writing against the defendant, which notes the plaintiff on a usurious contract, entered into between him and the defendant, delivered up to the defendant to be cancelled, and lieu in thereof, received the promissory note described in a certain plea in bar to a suit in chancery, and sworn to by the defendant, which note is void for usury ; and the plaintiff brings this action to recover the amount of the notes which were delivered up to be cancelled on said usurious contract. To prove these facts the plaintiff offerered in evidence said plea in bar. The defendant insisted that these facts are insufficient in the law to entitle the plaintiff to recover, and objected to his going into the proofs of them.

CALEDONIA,
*March,*
1834.

Edgell
*vs.*
Stanford.

The court decided to exclude the · evidence. To which plaintiff excepted. The exceptions were allowed and certified.

*C. Davis for defendant* contended : Under our statute against usury, not only the security is void, but generally no action can afterwards be sustained for the debt.

Granting, however, that in certain cases a recovery could be had for the debt, yet the circumstance that the plaintiff seeks to maintain an action upon a note voluntarily and without fraud or mistake given up to the party who made it, distinguishes this from the cases relied upon by the plaintiff. There are cases in England and Massachusetts, which allow the usurer, after being defeated upon his security, to recover the real debt, upon an implied contract. In some of them, previous valid securities had been taken and the usurious ones substituted in their place, and yet no attempt seems ever before to have been made to sustain an action upon those given up. When the parties to a note or bond have deliberately annulled it, one of the parties cannot subsequently revive it upon failure through his own violation of law and right to realize the advantages he had anticipated from the substituted security.—1 H. Bl. 462, *Gray* vs. *Fowler.*—2 Camp. 119, *Phillips* vs. *Cochane.*—11 Mass. R. 359, *Johnson* vs. *Johnson.*—4 Pick. R. 97, *Stebbins* vs. *Smith.*—Cro. Jac. *Ellis* vs. *Wams*, (Ord on usury, p. 100.

But to return to the main question, we contend, notwithstanding the cases just cited, that ever since the 13th year of Elizabeth, when the first act was passed, similar in language to all subsequent acts in England and to ours, the general weight of legal opinions has been, that the act should be so construed as to carry with it a forfeiture of the money loaned. The term "contract," used in all the statutes has been the pivot on which the argument turned ; it applies to all sales of goods, or stocks, or annuities, or pledges of goods or any other device intended to disguise an usurious loan, includes verbal as well as written contracts—implied as well as express ones.—For Engl. Stats. see appendix to Ord on Usury, and 5 Bacon Ab. 406–7.—1 Term R. 154.—*Fitzroy* vs. *Gwillim.*—5 Bacon Ab. 412.—Cro. Jac. 507, *Roberts* vs. *Tremayne,*—Cowp. 112, *Floyer* vs. *Edwards.*—2 Douglas' R. 736, *Lowe et al.* vs. *Waller.*—2 Burr. R. 1077, *Robinson* vs. *Bland.*—4 Do.

2253, *Abrahams* vs. *Bunn*.—1 Peters. Cond R. 448, notes.— 3 Wilson R. 261–2, by C. J. De Gray.—9 Dane, p. 477.— 1 Camp. R. 157, *Barns & Co.* vs. *Headly*.—Ord on Usury, 111.—Do. 131, 133.—2 T. R. 496, *Masters* vs. *Drayton*. —1 Vt. 402, *Burl B. K.* vs. *Dirkee*.—*Bank of St. Albans* vs. *Scott*, 429.—*Same* vs. *Stearns*, ib. 432.

CALEDONIA,
March,
1834.

Edgell
vs.
Stanford.

Again : Taking this note in lieu of the former, operates as extinguishment of it. Taking one simple contract for a precedent one, though of no higher character, does away all right of action on the first, whenever such was the intention of the parties, which will be presumed without evidence to the contrary.—*Johnson* vs. *Johnson*, 11 Mass. R.—Peter Cond. R. 290, notes.— 4 Vt. R. 555. The result is, that taking the note now in controversy, in the absence of explanation, extinguished the claim, whatever it was, which constituted the consideration of the note ; consequently plaintiff could not go back of that note if he had, what he has not, evidence pertinent to his case.

But whatever conclusions the court may come to upon the question of *implied* extinguishment resulting from the substitution of one contract for another, there surely can be no diversity of opinion as to the power of the parties to cancel a contract which their voluntary act has created ; and in this aspect it is wholly a matter of indifference, whether in a simultaneous or subsequent attempt to fabricate another, they violated some law, or omitted some form which rendered the attempt nugatory, or otherwise. In the present case, the plaintiff by his own act, with the concurrence of the defendant, expressly annulled the note now sought to be revived. *Vt. State Bank* vs. *Stoddard* is in point.

*I. Fletcher for plaintiff*.—The question of the sufficiency of the testimony must be determined wholly in reference to the effect of substituting one simple contract for another,— *whether the prior existing debt merges in the latter contract*. It also brings into view the statute of 1822, to prevent usury, and raises the further question, *whether the substituting of an usurious and void security for a valid, prior-existing debt, the consideration of which is bona fide and uncontaminated with usury, avoids the debt?*

The taking or agreeing to take, for any loan or forbearance, above the rate mentioned in the statute, is unlawful. The re-

CALEDONIA,
March,
1834.

Edgell
vs.
Stanford.

fusing to return or replace the actual loan, is unconscionable. Courts acting in *foro conscientiæ*, have ever construed these statutes, to suppress usury and to restore the principal. If in any case, as in mortgage, pawn, &c. more than the principal and legal interest is given, it is because the law awards it. If the sum actually loaned be lost, it is because the law cannot restore it. In trover, to recover the value of a pawn, made upon an usurious contract, the court will not suffer the plaintiff to recover unless he refunds the amount actually loaned and legal interest.—*Fitzroy* vs. *Gwillim*, 1 T. R. 153.

*All bonds, bills, notes, &c. given for the payment of money, &c., whereupon or whereby usury is reserved, are declared utterly void.* This is the penalty incurred by the lender. The statute does not declare the loan forfeit, but the evidence of it *void absolutely*.

To render a contract or security void for usury, there must be a corrupt agreement entered into at the time of the loan, the usury must form a constituent part of the agreement for the loan and forbearance, and be concocted in the contract and security, tainting and pervading the whole transaction. If the loan and forbearance be not originally tainted with usury, the contract is *bona fide* and valid. No subsequent act of the parties can make a contract usurious, which was not so in in its creation. No usury can exist by relation. All usury is positive and direct.

If then, upon the termination of the time of forbearance of the first loan, a new agreement is made for a further time of forbearance, and a new note or contract is substituted for the first, including usury, the first contract is not merged nor the loan forfeited. It leaves the obligation of the first contract as it was. The first is not merged in the second, for the second contract is utterly void, imposing no legal liability whatever. The prior debt or loan is not forfeited, for it is the last contract, not the first, that is usurious—and of this, and this only, is the usury predicated by the statute.

The substituting of one contract for another, between the same parties and of the same character, does not extinguish a pre-existing debt, unless it be expressly so agreed by the parties at the time, or unless it be productive.—2 Johnson's cases, 438.—3 Johnson's Cases, 71.—5 Johnson's Rep. 68. —7 Johnson's Rep. 311.—9 Johnson's Rep. 310.—11 Mass.

Reps. 361–3.—1 Peters. Con. Reps. 287.—1 Chitty, 96.—
1 Saund. R. 295.—Bugly on bills, 248.

A valid subsisting debt cannot be avoided or destroyed by
substituting an usurious and void security for the same.—Ord
on usury, 100–1–2.—*Pollard* vs. *Scholy, Cro. Eliz.* 20.—
*Ferrall* vs. *Shean,* Saunders' R. 294,—*Gray* vs. *Fowler,* 1
H. B. 462.—*Bamer* vs. *Hodly,* 2 Taunton 184.—*Gordon*
vs. *Flagg,* 8 Mass. 101.—Do. 256.—*Johnson* vs. *Johnson,*
11 Mass. 359.—1 Campbell, 165.—3 Campbell, 119.—11
Johnson, 513, Strong.—19 Johnson, 294, (margin.)—*Knights*
vs. *Putnam,* 3 Pickering, 185.

If an usurious contract be substituted for a valid contract, a
recovery may be had upon the first contract.—*Utica Insurance
Co.* vs. *Kip,* 8 Cowen, p. 20.

The company, contrary to express statute, exercised bank-
ing powers, they loaned money and took notes, they brought
an action on the note discounted.  The defendants plead the
statute in bar.  The court declared the security void, yet held
the plaintiff might recover the amount loaned on the common
counts.  In this case the court took the distinction between
the loan and the security, between an act *mala in se* and *mala
prohibita,* deciding that where an illegal contract is entered in-
to, falling under *mala prohibita,* the party may sue in disaffirm-
ance of the illegal contract and recover back the consideration
money paid.  Here the party does not call upon the law to
aid him in the enforcement of an illegal contract, but he disaf-
firms it *in toto* himself.  Surely the law will aid him in retrac-
ing his steps.  *Hagar* vs. *Wheeler,* 8 Cow. 77, is in point and
covers the whole ground.  The marginal note is,  "Where
an usurious note was given as a substitute for a valid note, which
was destroyed by the parties at the time of giving the new
note, yet held an action lay on the original note."  In this
case the note was not introduced on trial, but parol proof of its
contents.—*Bank of Utica* vs. *Wager,* 2 Cow. 733, 727.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—If the plaintiff, after stating the facts,
was entitled to recover on either of the counts in his declara-
tion, on the proof which he offered, the evidence should have
been admitted; and the case presents this naked question,
whether giving up a security or note, which is evidence of a
*bona fide* debt, and making that debt part of the consideration

CALEDONIA,
*March,*
1834.

Edgell
*vs.*
Stanford.

CALEDONIA,
March,
1834.

Edgell
vs.
Stanford.

of a new and usurious contract, for which a new note or security is taken, and which has been avoided as usurious, so far destroys the first security or original debt, that no action can be maintained thereon or therefor. On the subject of extinguishment, or substituting one contract for another of the same nature, the question has been much argued, whether accepting a new valid note or security extinguishes another so far that no right or cause of action remains on the original contract or security. It may not be necessary for the decision of the question before us to go very fully into this subject. In New York, accepting a promissory note for goods sold has been considered usually as not extinguishing the contract, but that an action might be brought for goods sold. In Massachusetts a different decision has been had. In this state we have considered that when a promissory note is accepted in payment of a previous account, the account is paid by the agreement of the parties, (*Hutchinson and al.* vs. *Olcott*, 4 Vt. Rep. 355,) and the decision of the supreme court of the United States (*Sheby* vs. *Mandeville*, 6 Cranch, 253) accords therewith. I do not know that it has ever been contended, that when one note is accepted in lieu of another, and the last one is a valid subsisting note, that any action can be maintained on the first note, which has been given up and destroyed. A promissory note is but evidence of an indebtedness, and I can see no good reason why a note in existence, and to which no objections can be made, should be laid aside, and an inquiry had as to the nature and contents of a note given up; and further, how a written contract or evidence of a debt, voluntarily given up and cancelled, as a consideration of a new legal contract and security, should be the foundation of an action. This principle has been strenuously contended for in this case, but I cannot recognize it, and it appears to be at variance with the principle established in the recent case of *Alderson* vs. *Langdale*, 3 Barn. & Ald. 660. These remarks apply to the case where the latter security is good and may be enforced.

In the case under consideration the latter security was void, and had been avoided under the statute against usury, and presents the question first mentioned. The statute of usury avoids all contracts upon which shall be reserved or taken, or agreed to be reserved or taken, for interest, above the sum of six dollars on the hundred per annum. In principle it seems to be difficult to make any distinction between the cases, where the

CALEDONIA,
March,
1834.

Edgell
vs.
Stanford.

contract was for money or property actually advanced and receiv-
ed, and where the consideration for the contract was wholly a
subsisting debt, or part money or property advanced and re-
ceived, and part an existing debt or note given up. In either
case, the borrower, or person receiving, receives a sum of mo-
ney, or that which is equivalent thereto, as a consideration,
which, independent of the statute, he ought in good faith to
repay. When the person seeks to be relieved from an usurious
contract by action or suit, he must repay the sum actually due.
But when the lender seeks to enforce an usurious contract,
whether at law or in equity, he fails, because the statute, which
declares the contract void, is left to its operation. It is diffi-
cult to assign any good reason why a recovery should not be
permitted for money actually lent, and at the same time a re-
covery should be allowed for a debt or evidence of a debt,
received in lieu of money. If the debt was paid and the mo-
ney loaned immediately on a usurious contract, the statute
would make the contract void, and no recovery could be had
either on the contract or on the consideration. This question
then, if it is determined in favor of the plaintiff, must be de-
cided on the weight of authority, and if they are found in his
favor, we are not disposed to unsettle the law which has been
established on this subject by the decisions of courts.

The old cases, I think, were perfectly consistent and in strict
accordance with the statute, and went no further than to deter-
mine that a contract not usurious or illegal was not affected or
destroyed by any subsequent usurious *collateral* contract or un-
dertaking. The case of *Pollard* vs. *Scolly*, Cro. Eliz. 20,
was one of this character. The original contract was usurious,
but after it became due, another contract was made to give fur-
ther day of payment upon usurious interest. The first contract
was not given up. In this case the usurious agreement was
held to be void. The first contract was still in existence, nev-
er given up or made the consideration of an usurious contract,
and was good. In the case of *King* vs. *Allen*, Sir Th. Ray-
mond, 196, the subsequent usurious contract was avoided, leav-
ing the first as it was before. *Ferrall* vs. *Shaen*, 1 Saund.
294, was of the same character. These cases and a variety
of others have established this as a cardinal rule upon the sub-
ject of usury, that a contract which, in its inception, was unaf-
fected by usury, can never be invalidated by any subsequent
usurious transaction. Had the decisions rested here, and per-

CALEDONIA,
March,
1834.

Edgell
vs.
Stanford.

mitted the first contract, when it was still in existence, to remain good, and only avoided the subsequent agreements for forbearance, I should have been better pleased with them, and thought them more consonant with the principles of the statute than I now find them to be. It is evident, however, that the decisions have gone further. In the case of *Gray* vs. *Fowler*, assignee of Pearson, 1 H. B. 462, it appeared that Pierson was indebted to Gray in £1125, and on being pressed for payment, agreed to give £150 as a premium for forbearance, and accordingly accepted bills, payable at different periods, for £1275, which included the premium of £150. A part of this sum was paid, when he became indebted in a further sum of £597. Afterwards, on an adjustment of the concern, the sum of £1416 6s. 7d. was found to be due on the whole concern, and security was given therefor in some leasehold premises and an assignment of some beer. The court decided that the plaintiff, Gray, might recover, not only the £597, but also the £685, which was included in the first set of bills, which were clearly usurious. Here it is to be remarked, that the original debt was included in the bill of exchange, which was usurious. This case has been since recognized and followed up by subsequent decisions. The case of *Phillips* vs. *Cockayne*, 3 Camp. 119, is more directly in point. The action was against the defendant as acceptor of a bill of exchange, dated 16th April, 1811, for £28, expressed to be value received in lead. There was also a count for goods sold and delivered. The defendant had previously purchased the lead and accepted a bill for the amount due at two months. When the bill became due, he paid a premium of 20 per cent. for renewing it, and the first bill was given up, and the bill declared on was drawn and accepted in lieu of the first, which was given up. It was decided that the bill declared on was void, as being usurious, but that the plaintiff might recover the amount of his demand on the count for goods sold and delivered. This is a decision at *nisi prius*, but I do not learn that it has ever been questioned. On the contrary, it is said in the note to the American edition of Campbell, that the same principle has been decided in several cases there mentioned. In the case of *Barns* vs. *Headly*, 1 Camp. 157, which has been read by the counsel for the defendant, some principles are advanced, which are at variance with this; but that case is evidently not law, nor recognized as such. The case of *Wright* vs. *Wheeler*, cited in the note, is repugnant to

Caledonia,
March,
1834·

Edgell
vs.
Stanford.

it; and the same case came again before the court, and the decision was directly the other way.—2 Taun. 184. The decision of the supreme court of Connecticut, *Kilbourn* vs. *Bradley*, found in Ord. 103–6, and of the supreme court of the United States, *De Wolf* vs. *Johnson*, 10 Wheaton, 367, are also opposed to it. In the case of *Johnson* vs. *Johnson*, 11 Mass. 359, the defendant had become indebted to the plaintiff, and gave a negotiable promissory note therefor, which included usury. The note was sued by an endorsee, and avoided on account of the usury. The defendant was made liable to the plaintiff on the original indebtedness or the implied promise, notwithstanding the sum had been made the consideration of the usurious note. In the case of *Swartout* vs. *Payne*, 19 John. 294, the same principle was recognized by Ch. J. Spencer. The case of *Stebbins* vs. *Smith*, 4 Pick. 97, is to the same effect, and I know of no decisions to the contrary. Both the English and American cases are on statutes similar to our statute in making the contract and security void. When we adopt a statute which has been passed in England, or pass one in the same words, where the construction of the statute has been fixed by judicial decisions, we suppose the legislature meant to pass the statute as construed there, and if they intended to give it a different effect, they would so express their intention by using different words. We have an instance of this in the construction which has been put (in this country) on the statute of frauds. On the authority of these decisions we consider and determine, that a valid debt, made and contracted on a good and legal consideration, is not lost and destroyed by being mingled with an usurious transaction, or being made the consideration, in whole or in part, of a usurious contract, if the creditor can make sufficient proof of the same.

As the evidence offered ought to have been admitted, it is unnecessary for us to decide to which of the counts in the plaintiff's declaration it would have applied. I can see great and serious objections to any recovery on the note executed in 1828, which was given up and cancelled, though the last note has proved unavailing. In the declaration on a note, it is described and must be produced in ordinary cases. We know of no precedents for declarations on bonds or notes cancelled, destroyed or given up intentionally by the holder. The case of *Hagar* vs. *Wheeler*, 8 Cowen 77, is said to be an authority for this; the case we have not seen, and of course cannot de-

CALEDONIA,
March,
1834.

Edgell
vs.
Stanford.

termine how far we should be disposed to recognize it.   But it is not necessary for us to decide this question.   A promissory note is only evidence of an indebtedness, and may be received as between the immediate parties to it as evidence on the money counts, and is at least *prima facie* evidence of the receipt of money, and whether it is produced, or has been destroyed, it is still evidence of the fact.   If there ever was such a note as is described, executed in 1828, it was evidence of an indebtedness on the money counts ; and if the note has been cancelled or destroyed, but not in such a manner as to afford evidence of payment, if the plaintiff can prove that such a note existed, it will be proper evidence under that count, leaving the defendant to show any thing proper to invalidate that note and do away the effect of the evidence, arising from the fact of its being executed and delivered to the plaintiff.   In the case of *Gray* against *Fowler*, this question, as to a recovery on the money counts, was not directly decided.   As that was an issue out of chancery, to ascertain the fact of indebtedness merely, we do not learn from the case what the pleadings were, if any were had ; but the case decides there was an indebtedness notwithstanding the usurious contract and security.   In the case of *Phillips* vs. *Colcayne,* the declaration counted not only on the bill of exchange, which was usurious, but also on the original indebtedness, which was for lead sold and delivered, and the recovery was had on the latter count alone.   The result of the whole is, that from the authorities which have been considered, the testimony offered by the plaintiff should have been received as evidence proper to support his declaration ; and as it was rejected by the county court, their judgment must be reversed, and the cause will be for trial before another jury.