## FOLLETT & BRADLEY *v.* JOSIAH STEELE.

The purpose, for which a note is given and received, is matter of fact, growing out of the contract of the parties.

If one, indebted on book account, execute and deliver his promissory note to the creditor for the amount of the account, but it appear affirmatively that such note was neither given, nor received, in payment of the account, the

fact that the creditor credited the note upon his book will not alter the contract, nor the creditor's rights.

Evidence is admissible, in such case, to show the creditor's mode of keeping his books, as tending to explain why the note was thus credited.

BOOK ACCOUNT. The only controversy was in reference to the plaintiff's charge of two promissory notes, of $300 each, and interest and costs of protest on same, in reference to which the auditor reported the following facts.

In January 1843, the balance against the defendant on the plaintiffs' books exceeding $300, the defendant, being unable to make payment in money, gave to his agent his signature in blank, with directions to fill out over it such a note as would enable the plaintiffs to raise the money ;—which the agent did, making it payable to the plaintiffs' order at the Bank of Burlington. Subsequently, another balance having accrued, a second note, of the same tenor, was executed and delivered in the same manner, and for the same purpose. No special agreement was made whether these notes should, or should not, be received in payment of the plaintiff's account ; but both the parties understood that they were given for the purpose of raising money thereon ; and no settlement of the account was made by the parties, at the time they were given. Said notes were not discounted at said Bank, nor used in any manner by the plaintiffs, nor was any portion of them ever paid by the defendant.

The plaintiffs' books were kept by double entry ; and the auditor found that, for the purpose of keeping the books correctly, it was necessary that the note in question should be entered to the credit of the defendant at the time they were received, and that they were in fact credited for that purpose, and not for the purpose of absolutely cancelling so much of the defendant's account, and that it was not so understood by the plaintiffs at the time ; and that it is the custom of the plaintiffs, when they have thus taken notes of their customers, and passed them to their credit on book, to charge such notes on book to such customers, if not paid, in such manner as to balance the credit previously given.

At the time the notes were delivered the plaintiffs entered the credit of said notes on a copy of the plaintiffs' account, which had

Follett et al. *v.* Steele.

been previously delivered by them to the defendant, and re-delivered the said copy to the defendant; and the auditor found that the defendant had no knowledge of the mode of plaintiffs' book keeping.

The County Court rendered judgment for the plaintiffs for the whole amount claimed by them, to which the defendant excepted. The defendant also excepted to the admission by the auditor of the testimony, introduced on the part of the plaintiffs, to prove their mode of book keeping, or their custom of crediting and charging notes in the accounts of their customers.

*Hyde & Peck* for defendant.

1. It is insisted that the acceptance by the creditor of the negotiable promissory note of the debtor, for an antecedent account, is a payment or discharge of such antecedent debt. The debtor, by giving the note, is precluded from impeaching the account, except for fraud or mistake, the burden of proving which is thrown on himself; and, if proved, it is doubtful whether it would avail him, unless it go to the whole consideration of the note; and, as the debtor foregoes this important right, the creditor ought to be equally bound to treat the note as payment, or as a substitution of the note for the account. *Hutchins et al.* v. *Olcott*, 4 Vt. 549. *Torrey* v. *Baxter* was a case of a note of a third person.

2. The unconditional credit of the notes by the plaintiffs upon their books, and upon the bill delivered to the defendant, at the time of the execution of the notes, without any notice that the credit was not to be absolute, is such an actual appropriation of the notes, in payment of the account, as binds the plaintiffs to seek their remedy upon the notes.

3. The usage of the plaintiffs was inadmissible, and should have no influence in this case. It is not a general custom, but a particular usage of the plaintiffs. The sole ground on which general custom, or particular usage, is allowed in evidence, is, that it may be inferred that the parties contracted in reference to it; and hence usage never binds a party without previous notice,—which is expressly negatived in the finding of the auditor. 11 Mass. 361. 10 Mass. 47. 6 Mass. 143. *Whitcomb* v. *Williams*, 4 Pick. 228.

*Smalley* and *Tenney*, for plaintiffs.

1. It is not denied that the giving a promissory note amounts to payment, if there be an express agreement to that effect. But, where there is no express agreement, it is clear that the giving a note, or bill, is no payment. *Ruff* v. *Webb*, 1 Esp. 129. *Roades* v. *Barnes*, 1 Burr. 9. 3 M. & S. 362. *Drake* v. *Mitchell*, 3 East 252. *Clark* v. *Young et al.*, 1 Cranch 181. *Sheehy* v. *Mandeville et al.*, 6 Cranch 253. *Peter* v. *Beverly*, 10 Peters 567. Chitty on Contracts 767, and cases there cited. *Bill* v. *Porter*, 9 Conn. 23. *Davidson* v. *Bridgeport*, 8 Conn. 472. 1 N. H. Rep. 282, and cases there cited. *Curtis* v. *Ingham*, 2 Vt. 290.

Even in Massachusetts, where the decisions are admitted to be in derogation of the common law on this subject, (*Maneeley* v. *Mc Gee et al.*, 6 Mass. 143 ; *Johnson* v. *Johnson*, 11 Mass. 361,) when it appeared that a note was *not* given or received *as payment*, it was held that the creditor might resort to his original demand. *Johnson* v. *Johnson*, 11 Mass. 361.

The cases in the New York Reports all tend to sustain the English decisions. *Porter* v. *Talcott*, 1 Cow. 359. *Watson's Ex'rs* v. *McLaren*, 19 Wend. 557. *Copper* v. *Power*, A. N. P. 49. *Higgins* v. *Packard*, 2 Hall's R. 547. *Cumming* v. *Hackley*, 8 Johns. 202. *Van Ostrand* v. *Reed*, 1 Wend. 424. *Tobey* v. *Barber*, 5 Johns. 68. *Raymond* v. *Merchant*, 3 Cow. 147. 1 Johns. 34. 10 Johns. 104. 15 Johns. 247.

In this case the auditor expressly finds that the notes were *not* taken in payment, but for a certain specified purpose, viz. to raise money to pay a pre-existing debt. No credit was contemplated by the parties, and the original cause of action of course remained in force, when the purpose for which the notes were given failed of fulfilment. *Gilman* v. *Peck*, 11 Vt. 516. *Torrey* v. *Baxter*, 13 Vt. 452.

2. The testimony as to the plaintiffs' mode of book keeping was admissible, to show their intention in crediting said notes on their books, and to rebut the presumption that said notes were received in payment. That presumption may be rebutted, or explained, by showing an agreement of the parties, or by proof of usages, or cir-

5

cumstances, inconsistent with such presumption ;—See Chitty on Bills 203, (notes.) *Varner* v. *Nobleborough,* 2 Greenl. 121.

The opinion of the court was delivered by

HEBARD J.   The important question in this case is, for what purpose were those notes given and received ?   If they were given and received in payment, they must operate as a payment.   And this is a question of fact growing out of the contract of the parties; and, so far as the auditor has found the fact, it is conclusive.

A note, as well as any other species of property, may be received for some other purpose besides payment.   There are some circumstances, under which it would be more reasonable to presume that the note was intended as payment, than under others.   If the parties had settled their accounts, and ascertained the balance due, and a note had been executed for the amount of this balance, there would be a very strong presumption that the note was intended as payment. But, in that case, it would be a matter of contract, express or implied, growing out of the understanding of the parties.

Under what circumstances then were these notes received ?   This must be determined by the report.   That finds that one of the plaintiffs called upon the agent of the defendant for payment, and that the notes were obtained by the agent and delivered to the plaintiffs to enable them to raise money.   The whole of this point seems to be disposed of by the auditor.   The notes were neither given, nor received, in payment, but to raise money.   The money not having been raised upon them, they therefore failed to answer the purpose for which they were created.

But it is said, in argument, that the plaintiffs did apply these notes in payment of the account, by giving credit upon their books. And the plaintiffs attempt to avoid the effect of that, by showing that this was their mode of doing their business.   But whether it was, or was not, I do not think it important to inquire ; nor whether the defendant could be affected by the plaintiffs' business habits, when they were not proved to be known to him.   The crediting those notes on the plaintiffs' books did not affect the purpose for which they received them.   They might as well give the defendant credit for them upon book for the defendant's security, as to have given him

---
Follett et al. *v.* Stanton.
---

a receipt. The putting them upon book was of no importance, so long as the real purpose for which they were received could be ascertained. And, on the other hand, if they had been received in payment, and not credited, yet if the defendant could establish that fact, he could compel the application still; so that the putting them upon the book is of no importance one way or the other, any farther than that fact may have a tendency to show for what purpose they were in fact received. And, as the auditor has found the fact, we are concluded upon that point.

It was upon this view of the case that the decision was made in *Hutchins et al.* v. *Olcott*, 4 Vt. 549, that " a promissory note, *given and received* in payment of an antecedent debt, is a bar to an action on that account ;" and, consequently, whether the note was so *given and received* is a question of fact, which in the present case has been found. It therefore becomes unnecessary to attempt to reconcile the different views that may be entertained by the courts in different States, as there is no case, we apprehend, which goes so far as to compel the application of a note for a different purpose from the one the parties intended, when that purpose could be ascertained.

The judgment of the County Court is affirmed.