LYMAN FARR v. BENJAMIN STEVENS.

*Book Account. Payment.*

Where the defendant bought of the plaintiff a yoke of oxen for $95,00, and gave the plaintiff $5,00 in money, and a note which the defendant held against N. for $90,00, payable to the defendant or bearer, in three months from date, which note the defendant indorsed, and the plaintiff accepted and received the same, and N. having failed to pay the note when it became due, the plaintiff commenced an action on book account, to recover the price of the oxen—*held* —that the delivery and acceptance of the note and money operated as payment for the oxen, and that no action for the price of the oxen, upon the original claim, could be sustained.

The rule would be otherwise, if the note had been received by the plaintiff as payment, under any fraudulent representations, as to the solvency of the maker, or if the note had from some inherent vice, such as illegality of consideration, forgery, and the like, proved unavailable; as in all such cases, the vendor may treat it as a nullity, and sue on the original indebtedness.

BOOK ACCOUNT. This action came to the county court by appeal from the decision of a justice of the peace. Judgment to. account was rendered in the county court, and an auditor was appointed, who reported substantially the following facts :

That in the month of January, 1851, the defendant purchased· of the plaintiff a yoke of oxen, for $95,00, that he paid the plaintiff $5,00 in cash at the time of the purchase, in part payment for the oxen, and also, at the same time, let him have a note against one J. E. Nelson, dated January 11, 1851, for $90,00, payable in three months from date to the defendant or bearer, which covered the balance of the price of said oxen ; that said note was. indorsed by the defendant, Stevens, and left by him with one Ives, at the time of said purchase, who soon after delivered said note to the plaintiff, and that the same has remained in his possession to the present time. That when said note fell due, the same was not paid by said Nelson, and that said Nelson failed and became insolvent, about the first of July, 1851 ; that the defendant informed the plaintiff that he had notified said Nelson that he had let the plaintiff have said note, and that the same was the property of the plaintiff, which notice was given before said note became due, and that the plaintiff never called on said Nelson for payment of said note, nor took the necessary legal steps to‍ hold the defendant as indorser of the same ; but that soon after said note

Farr *v.* Stevens.

became due, the plaintiff notified the defendant that said Nelson had not paid the same.

That at the time of the trade for the oxen, the plaintiff hesitated about receiving the Nelson note, for the reason that he knew nothing about said Nelson, or his responsibility, and that the defendant thereupon said, if Nelson did not pay the note, he would pay it, and that the plaintiff replied that he would take the note upon those terms ; that the defendant said, he would back over the note, to which plaintiff replied, that he did not care about that, but defendant insisted that this was his way of doing business, and said, he would indorse the note and leave it with said Ives, which he did, as before stated. That the contract of sale was made betwixt the parties in the highway near said Ives' house, in Brandon, while the plaintiff was sitting in his cutter, and he drove on towards home as the defendant went into Ives' house to indorse the note.

That if, in view of the foregoing facts, the court shall be of the opinion that the plaintiff is entitled to recover, in the action of book account, for the balance of the price for the oxen sold defendant, and also, that the delivery of said note, as set forth, should not be treated as payment of said balance, then the auditor found for the plaintiff to recover $—— from the defendant, to balance book accounts between the parties.

But if the county court shall be of opinion, either that the action of book account will not lie, or that the receipt of said note by the plaintiff was legally a payment of said balance, then the auditor found nothing due from either party to balance the book accounts, &c.

The County Court, April Term, 1853,—Pierpoint, J., presiding,—rendered judgment on the report for the defendant.

Exceptions by plaintiff.

*E. N. Briggs* for plaintiff.

A note of a third person given for goods is not a payment therefor, unless it be expressly agreed that it shall be so received. 3 U. S. Dig. 121. 7 U. S. Dig. 393–4. 8 U. S. Dig. 297. 9 U. S. Dig. 359.    *Torrey* v. *Baxter,* 13 Vt. 452.

If a note is not treated as a payment, the vendor may resort to his original right of action.

The facts reported are, that defendant purchased the oxen at the price of $95, and paid $5 as part payment; and defendant let the plaintiff have a note against Nelson, not as a payment, for the plaintiff refused or hesitated to take the note—upon which the defendant said he would pay it, if Nelson did not.

It is evident that the plaintiff did not take the note in payment. Nor did he take the note as indorsee, but disclaimed to do so.

The plaintiff cannot be charged with laches in not presenting the note, or in giving notice, as he did not take the note as indorsee, or assume any obligations to look after it.

If he had any duty to perform, he performed it by giving notice to the defendant that the note was not paid, before the failure of Nelson; and did not look to Nelson, or call upon him for it.

*Parker & Nicholson* for defendant.

I. It is insisted by the plaintiff, that the verbal promise of the defendant to pay the note, if Nelson did not, entitles the plaintiff to the right of maintaining this action for the balance of the price of the oxen, on Nelson's neglect to pay the note.

What the effect of such a promise might have been, independent of other considerations, is wholly immaterial in view of the facts reported by the auditor. The note was subsequently indorsed by the defendant, and in that condition received by the plaintiff. This indorsement includes and supersedes the previous verbal promise, and all the rights and liabilities of indorser and indorsee arise between the parties. *Curtis* v. *Ingam*, 2 Vt. 287. *Hutchinson* v. *Olcott*, 4 Vt. 549.

The indifference of the plaintiff in regard to the defendant's "backing over" the note, can in no wise affect the result. The plaintiff's receiving the note regularly indorsed, as the defendant insisted he should, if he received it at all, imposes upon him the obligation of receiving it under all the restrictions of a technical indorsee, and the fault was his own, if he neglected to take the necessary steps to hold the defendant as indorsee.

II. But it will be seen that the promise of defendant was not in any event to pay for the oxen in any other way than by the note, but it was to pay the *note itself*, if Nelson did not.

The promise to pay the note was made subject to a contingen-

cy, that might, or might not arise, and no right to charge *anything* on book existed at the time, and no contingency arising from the happening of some future event, would make the charge admissible. *Slason* v. *Davis et al.*, 1 Aik. 73. *Nason* v. *Crocker*, 11 Vt. 463.

And there is no aspect of the case that brings it within the rule established by this court, giving a party the right to charge a promissory note on book. *Barlow* v. *Butler*, 1 Vt. 146. *Ferrand* v. *Gage*, 3 Vt. 326.

The opinion of the court was delivered by

Isham, J. The auditor has reported a balance of account due the plaintiff, subject to the question whether that balance, upon the facts reported by him, has been paid or satisfied. There has not been so great disagreement between counsel, as to the law governing the case, as there has been in relation to the facts found by the auditor; and different constructions, in that respect, have been given to the report. If any doubt existed as to the facts in the case, a recommitment would be necessary; for it is not within the province of this court to ascertain and determine them. We apprehend no reasonable doubt can exist on this subject. In the month of January, 1851, the parties negotiated for the sale and purchase of a yoke of oxen. The mode and manner of payment was a part of their mutual arrangement. The price of the oxen was fixed at $95, and payment for the same was proposed in a note against one Nelson, for the sum of $90, payable to the defendant three months after date. The plaintiff then agreed, that if Nelson did not pay the note he would, and proposed to give his liability thereon by indorsing the note; and insisted, if his liability was required, that it should be given in that way. In that manner, the liability of the defendant was finally given. The note was indorsed by him, and accepted and received by the plaintiff. These facts we must consider as found in the case; and from them it is evident that the indorsement of the note was assented to by the plaintiff, as the manner in which he was to have the liability of the defendant; and on which the plaintiff expressed his willingness to receive the note, with the five dollars in money, in payment for the oxen. On these facts, there can be no doubt, but that the acceptance of the note and money operated as payment

for the oxen; and that no action for the price of the oxen, or up-
on the original claim, can be sustained. The remedy of the
party is to be had upon the defendant's indorsement of the note,
or his guaranty, whatever may be the form in which his liability
on the note is given. This principle applies in all cases where
payments of this character are made upon a claim which arose
at the time of payment; and where, as in this case, it appears
that the acceptance of the note, was a matter insisted upon as one of
the terms or conditions of the purchase. *Wiseman* v. *Lyman,* 6
Mass. 286.

In *Hutchins* v. *Olcutt,* 4 Vt. 549, it was ruled " that a promis-
" sory note given and received in payment of an antecedent debt,
" is a bar to an action on that account, whether the note be paid
" or not; and if a person accept a note in satisfaction of his debt,
" he is paid by his own agreement, and cannot sue for his original
" debt, if there be no fraud or deception in giving the note,"—and
surely, the force of this principle is not abated, where property
purchased is paid for at the time, by a note of a third person, in-
dorsed by the purchaser, which the vendor agreed to receive in
payment. The rule would be otherwise if the note was received
as payment under any fraudulent representations, as to the sol-
vency of the maker; 4 Vt. 549,—or if the note proved unavail-
able, from some inherent vice ; as illegality of consideration, for-
gery, and the like. In all these cases, if the defect was known to
the debtor, and unknown to the creditor, the transfer of the note
will not operate as payment, but the creditor or vendor, may treat
it as a nullity, and sue on the original indebtedness. *Gilman* v.
*Peck,* 11 Vt. 516. 15 Mass. 75.

In the cases of *Heald* v. *Warren,* 22 Vt. 413, *Tracy* v. *Pearl,*
20 Vt. 163, it was held, that where an order or draft was drawn
by the debtor on a third person to pay a given amount to the
creditor, that such draft would not operate as payment, when it
was drawn without funds in the hands of the drawee, or if it was
done, as a mere matter of accommodation, such a draft will not
merge the original claim " for the best reason in the world, the
parties did not so intend it." The giving of such a draft, will be
treated as a fraud. 2 Smith's Lead. Cas. 55, (note.)

There is no pretence in this case, but that the note transferred
to the plaintiff, was justly due ; that the maker at that time was

solvent; and that no fraud was practised by the defendant, to induce the plaintiff to take the note. But on the contrary, it is expressly stated, that on the defendant's giving his personal liability to pay the note, and in the mode it was given, the plaintiff agreed to take the note in payment. Under these circumstances, the delivery and indorsment of the note was a merger of the original claim for the oxen, and the remedy of the plaintiff is upon the note against the maker, or upon the indorsement against the defendant.

Whether the plaintiff has made the note his own, as against the indorsor, by any neglect to pursue the maker, we are not called upon to decide, as we are satisfied the action on book cannot be sustained, for the price of the oxen.

The judgment of the County Court is affirmed.