JOHN D. DICKINSON *v.* FENNER KING.

*Payment by note.*

A promissory note, given upon an open account, when, and how far operating as a payment.

A note, given only as collateral, will not operate as a payment; though the creditor has negotiated and obtained the money, and a judgment in favor of the endorsee against the maker has been rendered upon it, if the judgment remains unsatisfied and the claim of the endorsee has been provided for, by the creditor, in some other way.

BOOK ACCOUNT. The auditor reported a balance in favor of the plaintiff, dependent, as to its amount, upon the opinion of the court upon the following facts. The defendant made and delivered

to the plaintiff, his promissory note for $200, payable at the Commercial Bank, Troy, N. Y., which he charged to the plaintiff in his account; but it was not understood that the note was received by the plaintiff in payment; but the parties expected, on payment of the note, to have a final adjustment of the matter, on a settlement of the plaintiff's account. The plaintiff negotiated the note and received the money upon it, but it was not paid at maturity, and a suit was commenced and a judgment obtained upon it, against the defendant, in the state of New York, in favor of John B. Waldrat, to whom the plaintiff had transferred it. This judgment had never been paid, but the plaintiff had been obliged to pay, and had paid said note to the said Waldrat, and taken up the same, and he surrendered it before the auditor to be delivered to the defendant. If the amount of this note should be allowed to the defendant, the balance in favor of the plaintiff would be $393.19; if otherwise, the balance would be $600.26.

The county court, June Term, 1855,—Pierpoint, J., presiding, —rendered judgment for the smaller sum, to which the plaintiff excepted.

*J. L. Stark* for the plaintiff.

If the note was not received in payment, it will not be so considered, and the defendant will not be permitted to recover it in an action on book. *Follett & Bradly* v. *Steele,* 16 Vt. 34; *Rosseau & Warren* v. *Cull et al.,* 14 Vt. 83.

The fact that the defendant has suffered a judgment to pass against him, is no defense in this case, so long as he neglects to satisfy it.

*Robinson & Sibley* for the defendant.

If a promissory note is given for the price of goods sold, but not accepted as payment, yet, if the holder puts the note in circulation, it operates as payment, and extinguishes the prior indebtedness for which the note was given. *Torrey* v. *Baxter,* 13 Vt. 452; *Harris* v. *Johnson,* 3 Cranch 318.

The judgment against the maker, extinguishes the original indebtedness, and substitutes a security of a higher nature. *King* v. *Hoare,* 13 M. & W. 493–502.

The opinion of the court was delivered, at the circuit session in June, by

ISHAM, J. The doctrine is well settled in this state, that a promissory note, given upon an open account, operates as payment of that account, and is a bar to an action upon the original indebtedness, provided there is no fraud or unfairness in giving the note. The general rule is the same, whether the note is that of the debtor or of a third person. The remedy of the party, in such case, is only upon the new security; *Hutchins* v. *Olcutt*, 4 Vt. 549; *Farr* v. *Stevens*, 26 Vt. 299. The rule is founded upon the presumption that such was the intention of the parties when the note was given. That presumption, however, may be rebutted by evidence showing a different intention; and, in such case, the note will not be even *prima facie* evidence of payment, nor will it prevent a recovery upon the original account; *Follett* v. *Steele*, 16 Vt. 34; *Butts* v. *Dean*, 2 Met. 76; *Comstock* v. *Smith*, 22 Maine 262.

The auditor has stated, in his report, that, when this note was given, it was the understanding of the parties that it was not given or received in payment of the account. This finding of the auditor seems to dispose of the entire case. The object in giving the note was manifestly to enable the plaintiff to raise money upon it; and, if paid by the defendant, it was to be adjusted on a settlement of the account. But if not paid by him, no such application was to be made. The fact that this note was negotiated by the plaintiff, and that a judgment has been recovered upon it by the endorsee, in the state of New York, does not alter the case. The defendant has not paid that judgment, nor in any way satisfied the claim of the endorsee. The plaintiff has satisfied that claim, and has taken up the note. So far as the defendant is concerned, therefore, the case stands as if the note had never been negotiated. That judgment is not a satisfaction or merger of the plaintiff's claim, no more than any judgment would be when recovered on a matter held as collateral security.

In England no presumption of payment is raised by the execution of such a note, so as to bar a suit on the original indebtedness, when the note remains in the hands of the creditor, and is produced in court; Smith's Mer. Law 628. If such a note was given, and it has been transferred, for value, by the creditor, with-

out rendering himself liable upon it, it will operate as payment; otherwise, the debtor might be compelled to pay the debt twice; 2 Greenl. Evid. § 520. But the decisions are uniform, that, if the note is negotiated so as to render the creditor personally liable upon it, and he has afterwards actually taken up the note from the hands of the endorsee, it will not operate as payment. The claim of the endorsee being satisfied, it will so far discharge the judgment that he cannot enforce its payment. In the case of *Tarleton* v. *Allhusen*, 2 Adol. & El. 32, where the purchaser of goods accepted a bill for the price, which the vendor endorsed over; and the endorsee recovered judgment on the bill against the purchaser, and afterwards the vendor took up the bill; it was held that the vendor was not paid for the goods, and a recovery was had in an action of assumpsit on the original indebtedness. The same doctrine is sustained in Byles on Bills, 184. In the case of *Kean* v. *Dufresne*, 3 Serg. & Rawle 233, it was held that a creditor taking a note which he endorsed and got discounted, but which he was afterwards obliged to pay, had not thereby received payment of an antecedent debt. The decision in the case of *Harris* v. *Johnson*, 3 Cranch 318, was made under that qualification of the rules. We are satisfied that the plaintiff is entitled to recover, in this action, the whole amount of his account, without deducting from it the amount of this note.

The judgment of the county court must be reversed, and judgment rendered for the plaintiff for the largest sum reported by the auditor.