## SMITH & DURKEE v. CHARLES WOODWORTH.

### Book Account. Auditor.

The burden is on the defendant, claiming to have paid for the goods charged, to satisfy the auditor that he has paid for them, and failing to do this the plaintiff is entitled to a report in his favor.

The Supreme Court will not revise the findings of an auditor upon matters of fact. The case is to be determined in this court upon the facts found by the auditor, and not upon the evidence he has before him. It is the duty of the auditor to report the facts he finds, and his conclusions of law therefrom; not to report the evidence, and it should not be done.

BOOK ACCOUNT, brought by appeal from the judgment of a justice of the peace, and referred to an auditor, who reported for the plaintiff to recover a balance of the defendant. The defendant filed exceptions, which the county court overruled and rendered judgment on the report for the plaintiffs,—to which the defendant excepted.

The auditor reported that the defendant did not present any account in offset, but admitted the delivery to him of the goods as charged in the plaintiffs' account, but claimed that he had paid for them to the plaintiffs before suit was brought, which question of payment was the only one submitted to the auditor. The plaintiffs denied in testimony that the goods had been paid for, and presented their books, including cash book, and testified that they had examined them carefully and could find no credit as claimed by the defendant. William C. Smith, one of the plaintiffs, testified to making demand of the defendant but denied having been paid.

The defendant testified that he had the goods, but said he paid for them sometime in the fall of 1862, and testified to the circumstances and place, but could not fix the date and had no minute of it, and kept no books. Defendant offered his son as a witness, who testified that he was thirteen years of age when the transaction took place, and testified to being present when his father paid the plaintiffs, and substantially corroborated his father in his account of the transaction. The only evidence submitted to the auditor on the part of the plaintiffs was their books and their own testimony; on the part of the defendant, his own testimony and that of his son. The auditor was of the opinion that the defendant having received the articles charged in the plaintiffs' account, but claiming that he had paid for them, the burden of proof was on him to establish such claim, but was unable to find from a fair preponderance of testimony that he made out his claim. He therefore found for the plaintiffs. The defendant excepted to the report of the auditor: 1st, because upon the evidence as reported by the auditor the report should have been for the defendant; 2d, because of other reasons apparent on the face of the report.

. *C. M. Lamb*, for the defendant.

*D. C. Denison*, for the plaintiffs.

The opinion of the court was delivered by

PIERPOINT, C. J. It appears, from the report of the auditor, that upon the hearing before him, no question was made as to the correctness of the plaintiffs' charges. The only question made was as to its having been paid by the defendant. On this issue the burden of proof was upon the defendant; he must establish the fact of payment, or the plaintiffs would be entitled to a judgment. The auditor reports that from the evidence he was unable to find that the plaintiffs' claim had been paid.

The defendant insisted that, inasmuch as the auditor has not found that the defendant did not pay the plaintiffs' claim, he erred in allowing the plaintiffs' claim. We think this objection is not well taken. It was for the defendant to satisfy the auditor

that he had paid it; if he failed in this, as the auditor says he did, then the plaintiffs were entitled to a report in their favor.

The defendant further insists that the auditor, in coming to his conclusion as to the payment, considered improper testimony. There does not appear to have been any inadmissible testimony put into the case at the trial; if there was, it was the defendant's own fault, as he did not object to any of it. The evidence, so far as we can judge from the report, was properly in the case, for what it was worth; the weight that should be given to it was for the auditor to determine.

But it is said the auditor erred in his conclusions from the evidence as reported by him. This court will not revise the findings of an auditor upon matters of fact. The case is to be determined in this court upon the facts found by the auditor, and not upon the evidence he has before him. It is the duty of the auditor to report the facts he finds, and his conclusions of law therefrom; but it is not his duty to report the evidence, and it should not be done. It would be impossible for the county court, or this court, to judge of the weight that evidence is entitled to, with the same accuracy that the auditor can, before whom all the witnesses appear and testify. We all know that evidence often has a very different appearance, in respect to the weight that it is entitled to, when presented on paper, from what it has to a person who sees the witnesses and the manner in which they testify. It is possible that, taking the evidence as presented in the report, we might come to a different conclusion from that arrived at by the auditor, yet if we could see the case as it was presented before him, we might be entirely satisfied with the result.

Judgment affirmed.