RUTLAND RAILWAY, LIGHT & POWER COMPANY *v.* HUGH
WILLIAMS ET AL.

May Term, 1915.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 15, 1916.

*Payment—Trial—"Burden of Proof"—Shifting of the Burden
of Proof—Presumption—Payment by Note—Explanation—
Inferences from Findings—Evidence—Admission by Part-
ner after Dissolution of Firm.*

The burden of proof on the issue of payment is on defendant through-
out the trial.

A promissory note, either of the debtor or of a third person, given
and received in settlement of an account, or of an antecedent debt,
discharges the original obligation, if there is no fraud or unfair-
ness in the transaction, regardless of whether the note is paid.

A negotiable promissory note given for an antecedent debt is *prima
facie* a payment thereof.

On review of a *pro forma* judgment, this Court is limited by the facts
actually found, as shown by the record, unaided by inferences that
might reasonably be made therefrom.

The true "burden of proof," that is, the obligation to sustain the truth
of the asserted claim by a preponderance of the evidence, never
shifts in any aspect of the case, but rests throughout the trial
upon the assertor.

What is frequently called the "burden of proof," but better the "burden
of evidence," that is, the necessity that at any particular stage of
the trial compels a party to create a *prima facie* case in his own
favor, or to meet one established against him, or else be defeated,
may, and often does, shift in the course of the trial.

A *pro forma* judgment for plaintiff will not be reversed because of a
finding that defendant gave negotiable promissory notes for the
debt sued upon, where the findings disclose evidence sufficient
to rebut the presumption of payment thereby created; for the
burden of proving payment rested on defendant throughout the
trial.

The admission of a partner regarding business of the firm previously transacted, even if made after the dissolution of the firm, is admissible against all of the partners, and binding on the firm.

On the issue as to whether designated negotiable promissory notes, the amount of which plaintiff bank credited to an account, were accepted in payment thereof, evidence that plaintiff customarily credited accounts with the amount of notes received, and charged it back if the notes were dishonored, is admissible to explain why the notes were credited although not received in payment.

The payment of a debt by the giving of promissory notes therefor is not established by showing merely that it was the debtor's intention that the notes should so operate, for the understanding must be mutual in order to have that effect.

GENERAL ASSUMPSIT. Pleas, the general issue and payment. Trial by court at the March Term, 1913, Rutland County, *Miles,* J., presiding. Judgment, *pro forma,* for plaintiff on the facts found. The defendant excepted. The opinion states the case.

*Marvelle C. Webber* for the defendant.

*T. W. Moloney* for the plaintiff.

TAYLOR, J. The defendants were partners doing business under the firm name of the Williams Slate Co. A corporation called the Vermont Slate Co. was doing business at the same time. Hugh Williams was the managing partner of the Williams Slate Co., and the treasurer and managing official of the Vermont Slate Co., carrying on the business of both companies in the same office. Both companies took power from the plaintiff, and both were indebted to it at the time of the transaction in question.

In August, 1913, Hugh Williams mailed to the plaintiff two notes of the Vermont Slate Co., with a statement showing the indebtedness of the Williams Slate Co. to the plaintiff, and an application of the notes sufficient to balance it. These papers came to the hands of plaintiff's treasurer, who passed the notes to the bookkeeper without noticing how they were signed, and wrote across the balancing item of the statement, "credit on account." The item was then credited to the Williams Slate Co. on the plaintiff's books; and in due course the statement was

stamped "paid," and was formally receipted in full of the account and returned to· the defendant. The notes amounted to more than the indebtedness of the Williams Slate Co., and the balance was credited on the account of the Vermont Slate Co.

Plaintiff was not requested by defendants to take the notes as payment and it seems that no letter of direction accompanied the notes and balanced statement; for it is found that when the notes were sent to and received by the plaintiff nothing was said between the pa`rties respecting the purpose and effect of the transaction. It is also found that said Hugh Williams subsequently admitted that the account was owed by the defendants and was for them to pay notwithstanding the notes.

The Vermont Slate Co. was bankrupt when the notes matured and has since been so adjudged. The notes were duly presented and protested and nothing has been paid on them. Plaintiff has charged the notes back to the Williams Slate Co. and on the trial produced and offered to deliver them to any person authorized to receive them on behalf of the Vermont Slate Co. or the defendants. Plaintiffs sought to recover on the original indebtedness, which defendants claimed was paid by the notes. The trial was by court with a *pro forma* judgment for the plaintiff on the facts found, to which defendants excepted.

The only question on the exception to the judgment relates to the issue of payment and on this issue the burden of proof is upon the defendants. *McDonald* v. *Place,* 88 Vt. 80. 90 Atl. 948; *Terryberry* v. *Woods,* 69 Vt. 94, 37 Atl. 246; *Smith & Durkee* v. *Woodworth,* 43 Vt. 39. It is claimed that the defendants have discharged the burden of showing payment by securing a finding that the Vermont Slate Co.'s notes were accepted and credited by plaintiff on its account covering the items in dispute. It is argued that a presumption arises from the giving and receiving said notes that the parties intended thereby to pay the antecedent debt and to substitute therefor the liability of the Vermont Slate Co. on the notes; and that to rebut this presumption the burden is on the plaintiff to show that such was not the intention of the parties.

It is a rule of general application that a promissory note, either of the debtor or of a third person, received in settlement of an account, or for an antecedent debt, discharges the original indebtedness and bars an action on that account, whether the note is paid or not, if there is no fraud or unfairness in the

transaction.  This because, if one accepts a note in satisfaction of the debt, he is paid by his own agreement, and so cannot sue for his original debt.  The rule is founded upon the presumption that it was the intention of the parties when the note was given and received that it should operate as payment unless a different intention appears.  From this follows the rule, which is well settled in this State, that a negotiable note given for an antecedent debt is *prima facie* payment; or in other words, nothing to the contrary appearing, it will be presumed that such was the intention of the parties.  *Hutchins* v. *Olcott,* 4 Vt. 549. 24 Am. Dec. 634; *Edgell* v. *Stanford,* 6 Vt. 551; *Follett & Bradley* v. *Lane,* 16 Vt. 31; *Farr* v. *Stevens,* 26 Vt. 299; *Dickinson* v. *King,* 28 Vt. 378; *Collamer* v. *Langdon,* 29 Vt. 32; *Wait* v. *Brewster,* 31 Vt. 516; *Wemet* v. *Lime Co.,* 46 Vt. 458; *Ricker* v. *Adams,* 59 Vt. 154, 8 Atl. 278; *Hadley et al.* v. *Bordo,* 62 Vt. 285, 19 Atl. 476.

The rule is variously expressed in the cases.  It is sometimes said that the circumstances raise a presumption of payment and sometimes that they afford presumptive evidence of payment.  What is always meant is that a party makes out a *prima facie* case of payment when he shows a negotiable note given and received for an antecedent debt without more.

It remains to consider the effect of the rule upon the burden of proof.  Defendants contend that it was shifted to the plaintiff by their *prima facie* case and that the judgment is not supported by the findings, since the trial court did not find that it was not the intention of the parties that the notes should operate as payment.  There are facts found tending to rebut the presumption of payment from which the trial court could have drawn a contrary inference; but as the judgment is *pro forma* we do not presume such an inference in support thereof.  *Brown* v. *Mudgett,* 40 Vt. 68; *In re Byron,* 83 Vt. 108, 74 Atl. 488. But defendants' claim as to the shortage of the findings is untenable.  The burden of proof, meaning the obligation to sustain the truth of the claim affirmed by a preponderance of the evidence, never shifts but rests throughout the trial upon the party alleging it.  The phrase, as used by courts and law writers, has a double meaning from which more or less confusion has arisen. In one sense it refers to the duty of establishing the truth of a given issue, for example payment, by such a *quantum* of evidence as the law demands in the particular case.  In another

sense it refers to the necessity which rests upon a party at any particular stage of the trial to create a *prima facie* case in his own favor or to meet one when created against him.  5 Am. & Eng. Ency. of Law 22; 16 Cyc. 926; 10 R. C. L. 897.  In the former sense the burden never shifts; while in the latter it passes from party to party as the trial progresses.  *Harrison's Admr.* v. *Northwestern M. L. Ins. Co.,* 80 Vt. 148, 66 Atl. 787. To avoid confusion, the duty of going forward with the evidence is frequently spoken of as the burden of *evidence.*  It is obvious that when the evidence is closed there can no longer be any question as to the burden of evidence; but the case is for determination under the rules as to the burden of proof in its true sense.  The distinction between burden of proof in its true sense and burden of proof referring to the duty of going forward with the evidence is pointed out in Thayer's Prelim. Treat. on Ev. 353, 369; 2 Wig. on Ev., sec. 2483 et seq.; 2 Cham. Mod. Law of Ev., sec. 1082 et seq.

The double sense in which the term "burden of proof" is used may have occasioned apparent conflict in our own cases. Thus, in *Stephens* v. *Thompson et al.,* 28 Vt. 77, relied upon by defendants, the question of burden of proof in a similar case was involved.  It arose on a request to charge that, if the note was taken by plaintiff in payment, he was not entitled to recover; that a receipt to balance the account sued for was *prima facie* evidence that the note was taken in payment, and the burden of proof was upon the plaintiff to show that it was not so taken. This the trial court declined, but charged that the taking of the note and giving the receipt were so many circumstances to be weighed by the jury with the rest of the evidence in determining whether the note was to be taken in payment or not.  This Court held that the jury should have been told that the taking of the note and giving the receipt in the manner detailed in the exceptions made a *prima facie* case for the defendant, and, unless rebutted, their verdict should have been for him; that there was error in submitting to the jury "so many circumstances to be weighed by them in connection with other circumstances," as this was not giving the facts their legal effect.  It will be noted that the Court did not hold, as stated in the syllabus of the case, that the receipt of the note to balance account was *prima facie* a discharge of the account and imposed the burden of proof upon the opposite party (the plaintiff) to show it other-

wise. When the case is read in connection with *Dickinson* v. *King*, 28 Vt. 379, decided by the same judges two months later, it is clear that such was not the holding, in the sense that the presumption shifted the burden on the ultimate issue of payment.

In *Spaulding* v. *Ludlow Woolen Mills*, 36 Vt. 150, 157, commenting upon *Stevens* v. *Thompson et al.*, the Court said: "The most that can be claimed as decided in that case is that the taking of the note * * * * and receipting the account is *prima facie* a satisfaction of the debt * * *, and thus the burden is on the creditor to show affirmatively that there was an agreement or understanding to the contrary." This was not a decision to that effect; and, as it there appeared that it was expressly agreed that the note and receipt should not be a payment of the account, it was unnecessary to decide where the burden rested. However, any doubt that may have been left by the cases was removed by *Terryberry* v. *Woods, supra*.

What happens is this: When the party having the burden of establishing the issue of payment has adduced sufficient evidence to support the presumption of payment he has made out a *prima facie* case and need go no further until his adversary brings forward evidence tending to rebut it. At that point the burden of evidence shifts and the *prima facie* case will become the established case, if nothing further appears. But when evidence tending to show the contrary is introduced, the presumption is *functus officio*, so far as sustaining the burden of evidence is concerned, and the party who has the burden of proof must then meet the counter proof and sustain the issue by a preponderance of the evidence. This is the doctrine of *Colston* v. *Bean*, 78 Vt. 285, 62 Atl. 1015; *Harrison's Admr.* v. *Northwestern M. L. Ins. Co., supra; Terryberry* v. *Woods, supra;* and *Dickinson* v. *King, supra*. It is adopted by the leading textwriters on the subject, including Thayer, Wigmore and Chamberlayne, and is supported by the decided weight of authority. Among the many cases from other jurisdictions that could be cited are *Phipps* v. *Mahon et al.*, 141 Mass. 471, 5 N. E. 835; *Carroll* v. *Boston El. Ry.. Co.*, 200 Mass. 527, 86 N. E. 793; *Foss* v. *McRae et al.*, 105 Me. 140, 73 Atl. 827; *Vischer* v. *Northwestern El. R. Co.*, 256 Ill. 572, 100 N. E. 270; *Egbers* v. *Egbers*, 177 Ill. 82, 52 N. E. 285; *Sup. Tent Knights of Maccabees* v.. *Stensland*, 206 Ill. 124, 68 N. E. 1908, 99 Am. St. Rep. 137;

*North* v. *Jones,* 53 Ind. App. 203, 100 N. E. 84; *Belt R., etc.,* v. *McClain,* (Ind.) 106 N. E. 742; *Hughes* v. *Atlantic City, etc., R. Co.,* (N. J.) 89 Atl. 769, L. R. A. 1916 A, 927; *Helbig* v. *Citizens Ins. Co.,* 234 Ill. 251, 84 N. E. 897.

It was said in *Dickinson* v. *King* that the presumption of payment "may be rebutted by evidence showing a different intention; and, in such case, the note will not be even *prima facie* evidence of payment." It is not necessary to the decision of this case to consider whether the presumption as such, or only the inference from the facts that guard the presumption, is left in the case to be weighed. Some of the textwriters referred to above maintain that the presumption as such drops out of sight leaving the inference of fact on which the presumption was founded to be considered in weighing the evidence. See *Sheldon* v. *Wright,* 80 Vt. 298, 67 Atl. 807.

As the findings disclose sufficient evidence tending to rebut the presumption of payment to relieve the plaintiff from the effect of defendants' *prima facie* case, it was incumbent upon the defendants to secure what would amount to an affirmative finding that the notes were received in payment; and having failed in this, they are not in a position to attack the judgment for want of findings. So it becomes necessary to inquire whether the judgment is vitiated by any error in the reception or exclusion of evidence.

The plaintiff was permitted to show by its treasurer, under defendants' exception, that in an interview which he had with Hugh Williams, while the partnership was still doing business, Williams said that the account was owed by the Williams Slate Co., and that it was for them to pay notwithstanding the notes; and the court found that the statement was made as testified to. The findings state that the declaration of Hugh Williams was received as bearing upon his liability alone. The testimony of the treasurer is referred to, and it appears from this that the effect of the evidence was not limited when it was received. It was evidently intended to say that the court, in considering the evidence, limited its effect as stated.

The admission of Williams, while properly received against himself, was not made receivable against all by the mere fact that he was a co-defendant. 2 Wig. §1076, p. 1276. If admissible generally, it was because of his relation to the other defendants as co-partner. 2 Wig. §1078, p. 1280 and n. 7. It is

held in this State that an admission of a partner regarding business of the firm previously transacted, even if made after the dissolution of the firm, is admissible in evidence against all the partners, and binding on the firm. *Loomis* v. *Loomis,* 26 Vt. 198; see *Hubbard* v. *Moore,* 67 Vt. 532, 539, 32 Atl. 465. So the error was not in receiving the evidence, but in limiting its effect.

The plaintiff was permitted to show by its bookkeeper that it was their practice on receiving paper of this character to credit the account with the amount of it, and if the note was afterwards returned to charge back the amount credited, and that this paper was treated the same as any check or note received from a customer. The court has found that the bookkeeper entered these notes upon the plaintiff's books in the manner in which all bankable paper was entered, and that he received no instruction to treat them otherwise. The evidence objected to was properly received as tending to explain why the notes were credited though not received in payment of the account. *Follett et al.* v. *Steele,* 16 Vt. 30.

The defendants offered to show by Hugh G. Williams that at the time these notes were sent to the plaintiff the Vermont Slate Co. was indebted to the Williams Slate Co. in a sum much greater than the amount of the notes, and that the Vermont Slate Co. was then credited on the books of the Williams Slate Co. with the amount of the note as so much paid on its indebtedness. The purpose of the offer and the ground of objection do not appear. All that the case shows is that the offer was objected to, excluded and defendants' exception noted. The only ground of materiality advanced in defendants' brief is that the offered evidence tends to show that it was the intention of defendants that the notes should operate as a payment. Waiving the objection that the exception is unavailing because the purpose of the offer was not disclosed, still the exception cannot be sustained. The offer did not go far enough to render the evidence material. It was not enough that the defendants intended the notes as payment. The intention, or understanding, must be mutual; and the absence of anything to show that plaintiff knew the facts embraced in the offer renders the offered evidence immaterial on that issue. See *Follett et al.* v. *Steele, supra.*

*Judgment affirmed.*

MUNSON, C. J.   This case fell to me, and an opinion was written which did not receive the approval of my associates.   I do not concur in the opinion on which the judgment is affirmed. The case turns on the intent, and intent is a conclusion of fact. There is no finding regarding the intent, and the judgment is *pro forma*.   I would reverse and remand.